618 P.2d 1081

**Ray Justin ROLPH, Petitioner,**

v.

**CITY COURT OF the CITY OF MESA, State of Arizona; Honorable Harold Reeb, Mesa City Magistrate; Honorable William P. French, Judge of Maricopa County Superior Court, Real Parties in Interest, Respondents.**

No. 14923.

Supreme Court of Arizona, In Banc.

Oct. 14, 1980.

Mark S. Williams, Public Defender, Mesa, for petitioner.

Lowell D. Hamilton, City Prosecutor, Mesa, for respondents.

HOLOHAN, Vice Chief Justice.

By Special Action the petitioner, Ray Justin Rolph, challenges the action of the respondent superior court judge in setting aside a judgment of acquittal entered in petitioner's favor by the respondent magistrate in the Mesa City Court. We accepted jurisdiction to resolve the constitutional issue presented by this case.

The petitioner was charged by complaint in the City Court of Mesa with committing an act of public sexual indecency by sexual contact in violation of A.R.S. § 13–1403(A)(1). The case proceeded to trial before a jury. At the close of the state's case, the defendant moved for a directed verdict of acquittal. In granting the defense motion, the city court made a specific finding that, for a defendant to be guilty of A.R.S. § 13–1403(A)(1), there must be shown contact which "occurred between two separate individuals." The city court added that the court did not "grant a directed verdict as to the lesser included offense of indecent exposure under A.R.S. § 13–1402(A)." The city court then recessed the case without dismissing the jury so the state could file a special action in superior court seeking review of the directed verdict of acquittal. The superior court accepted jurisdiction and ruled that the city court erred in interpreting A.R.S. § 13–1403(A)(1). An order was issued directing the city court to "reconsider its directed verdict in light of the construction placed upon the statute in this order." From this order, the defendant sought relief by special action.

Two questions are presented for our consideration:

1. May the state appeal from a directed verdict of acquittal without violating the prohibition of double jeopardy as set forth in Art. 2, § 10 of the Arizona Constitution and the Fifth and Fourteenth Amendments to the United States Constitution?

2. Does the act of indecent exposure as set forth in A.R.S. § 13–1402, constitute a lesser included offense of the crime of public sexual indecency as set forth in A.R.S. § 13–1403(A)(1)?

The underlying premise of the prohibition against double jeopardy is that a defendant should not be twice put in jeopardy for the same offense. *State v. Burruell*, 98 Ariz. 37, 401 P.2d 733 (1965); *State v. Allen*, 27 Ariz.App. 577, 557 P.2d 176 (1976). The prohibition itself is inapplicable, however, unless the defendant is placed in jeopardy in the first trial. Here jeopardy attached when the jury was impaneled and sworn and the proceedings commenced. *State v. Riggins*, 111 Ariz. 281, 528 P.2d 625 (1974); *Klinefelter v. Superior Court In and For Maricopa County*, 108 Ariz. 494, 502 P.2d 531 (1972); *City of Tucson v. Valencia*, 21 Ariz.App. 148, 517 P.2d 106 (1973).

The state contends that the prohibition of double jeopardy does not bar its appeal from the mid–trial granting of a directed verdict of acquittal. The state believes that the directed verdict of acquittal granted Rolph did not go to the factual merits of the case, but rather, it was concerned with the validity of the charge. The state argues that Rolph has not, therefore, been acquitted in the sense meant by the Double Jeopardy Clause. In support of this position, the state cites *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

The United States Supreme Court first ruled on this issue in *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975), holding that regardless of the nature of a mid–trial termination, the prosecution had no right to appeal. Recently, the Court reconsidered the *Jenkins* decision and overruled it. The Court in *United States v. Scott, supra*, held that where the defendant himself seeks to have his trial terminated without any submission to either judge or jury as to his guilt or innocence, an appeal by the Government from his successful effort to do so does not offend the Double Jeopardy Clause.

There is, however, a major distinction between *Scott* and the case at hand. In *Scott*, the defendant was granted a dismissal on the grounds of preindictment de-

lay. The federal trial judge in *Scott* did not make any finding as to the defendant's guilt or innocence. In the case at hand, the defendant has been acquitted after a consideration of the facts. The state seems to equate dismissal with acquittal. There is a difference between the two. As pointed out in *Scott*, a dismissal does not usually involve a determination of guilt or innocence. An acquittal results after a consideration of the facts and a finding of innocence of the charge.

■ The law attaches particular importance to an acquittal. In a historical perspective, "Perhaps the most fundamental rule in the [area] of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.'" *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642, 651 (1977), quoting language in *Ball v. United States*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). Likewise, this court attaches particular importance to acquittals. We have consistently ruled that a defendant once acquitted of a particular crime, is protected from further prosecution by the prohibition of double jeopardy. *State v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977); *State v. Bollander*, 112 Ariz. 35, 537 P.2d 22 (1975). The state is not authorized to appeal from a judgment of acquittal. *State v. Miller*, 14 Ariz. 440, 130 P. 891 (1913); *State v. Hunt*, 8 Ariz.App. 514, 447 P.2d 896 (1968).

The state contends that the motion for acquittal was granted in error based on the trial judge's misinterpretation of the elements of A.R.S. § 13–1403(A)(1). Even if the state's position is correct, the defendant may not be retried even though "'the acquittal was based upon an egregiously erroneous foundation.'" *Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717, 726 (1978).

■ Although the motion for a directed verdict of acquittal was granted as to the offense of public sexual indecency as charged in the complaint under A.R.S. § 13–1403(A)(1), the order stated that the court does not "grant a directed verdict as to the lesser included offense of indecent exposure under A.R.S. § 13–1402(A)." Appellant contends that he may not be convicted of indecent exposure because indecent exposure is not charged in the complaint nor is it a lesser included offense of public sexual indecency. It is true that the petitioner was not charged with indecent exposure in the complaint, but he may be convicted of indecent exposure if it is a lesser included offense of the charge of public sexual indecency. *State v. Parsons*, 70 Ariz. 399, 222 P.2d 637 (1950); *State v. Sims*, 114 Ariz. 292, 560 P.2d 810 (App. 1977); *State v. Estrada*, 27 Ariz.App. 183, 552 P.2d 772 (1976).

The statutes at issue state:

"§ 13–1402. Indecent exposure; classification

A. A person commits indecent exposure if he or she exposes his or her genitals or anus or she exposes the areola or nipple of her breast or breasts and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act."

"§ 13–1403. Public sexual indecency; classification

A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:

1. An act of sexual contact."

■ The test to determine whether one offense is included in another offense was set out by this court in *State v. Westbrook*, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954). "The test to be applied is simple: Is the first [greater] offense one that cannot be committed without necessarily committing the second [lesser]?" 79 Ariz. at 119,

285 P.2d at 162; *State v. Sutton*, 104 Ariz. 317, 318, 452 P.2d 110, 111 (1969).

■ In order to support a finding of indecent exposure, the defendant must have exposed his or her own private bodily parts. *See City Court of the City of Tucson v. Lee*, 16 Ariz.App. 449, 494 P.2d 54 (1972). Exposure of the defendant's own private bodily parts is not, however, a necessary element of the crime of public sexual indecency by an act of sexual contact. Since public sexual indecency can be committed without necessarily committing indecent exposure, we find that indecent exposure is a separate offense and not a lesser included offense of public sexual indecency.

The order of the Superior Court is vacated and the case is remanded to that court with directions to return the case to the City Court for further proceedings not inconsistent with this opinion.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.