624 P.2d 862

STATE of Arizona, ex rel. Lowell D. HAMILTON, Mesa City Prosecutor, Petitioner,

v.

The SUPERIOR COURT OF MARICOPA COUNTY; and the Honorable Gerald J. Strick, Judge of the Superior Court of Maricopa County; and Michael C. Boyle, Defendant and Real Party in Interest, Respondents.

No. 15206.

Supreme Court of Arizona, In Banc.

Feb. 17, 1981.

Lowell D. Hamilton, Mesa City Pros., Mesa, for petitioner.

Alston, Edwards & Novak by Margaret R. Tinsley, Phoenix, for real party in interest.

CAMERON, Justice.

We accepted this petition for special action pursuant to Article 6, § 5 of the Arizona Constitution and Rule 1, Rules of Procedure for Special Actions, 17A A.R.S., because this is a matter of state-wide importance and there is no equal, plain, speedy and adequate remedy by appeal.

We must answer only one question: Is the public sexual indecency act, A.R.S. § 13–1403(A), void for vagueness and therefore unconstitutional?

The facts necessary for a determination of this matter are as follows. The real party in interest and respondent, Michael C. Boyle, was identified by three elementary school girls as the person who exposed himself and masturbated before the girls on two separate occasions in September and October of 1979. Complaints were filed in the Mesa City Court alleging the two violations of A.R.S. § 13–1403(A), public sexual indecency. Michael C. Boyle entered a plea of not guilty, and the matter was tried to a jury in the Mesa City Court with a guilty verdict rendered by the jury on both counts. Michael C. Boyle then appealed to the Superior Court of Maricopa County, and the Superior Court judge ruled that A.R.S. § 13–1403(A) is unconstitutional as being impermissibly vague. From the ruling of the trial court, petitioners, City of Mesa and the Mesa City Prosecutor, brought a special action in this court.

I

The statute reads as follows:

"A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:

1. An act of sexual contact."

"Sexual contact" is defined by A.R.S. § 13–1401(2) as:

" 'Sexual contact' means any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast."

"Sexual contact" is distinguished in the statute from other sexual activities such as "oral sexual contact," A.R.S. § 13–1401(1), and "sexual intercourse," A.R.S. § 13–1401(3).

II

There is no doubt that the contact described in the instant case is conduct which could be constitutionally proscribed.

"Constitutional parameters permit the legislature wide discretion in selecting conduct to be penalized by criminal sanctions." *State v. Scofield,* 7 Ariz.App. 307, 310, 438 P.2d 776, 779 (1968).

Respondent, Michael C. Boyle, however, contends the statute in question is impermissibly vague. Respondent cites the United States Supreme Court case of *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), in support of his position that a statute that is vague is void as a matter of due process. In that case, the United States Supreme Court stated:

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application * * *. Uncertain meanings inevitably lead citizens to 'steer far wider of the unlawful zone' * * * than if the boundaries of the forbidden areas were clearly marked." 408 U.S. at 108–09, 92 S.Ct. at 2298–99, 33 L.Ed.2d at 227–28.

And this court in like language has stated:

"The law must be definite and certain so that the same standard of conduct may be applied by all persons affected. The dividing line between what is lawful and unlawful cannot be left to conjecture. The citizen cannot be held to answer charges based upon penal statutes, the mandates of which are so uncertain that they will admit to different constructions. The crime and the elements constituting it must be so clearly expressed that the ordinary person can intelligently choose in advance what course it is lawful for him to pursue (citations omitted)." *State v. Locks*, 97 Ariz. 148, 150–51, 397 P.2d 949, 951 (1964).

The law is clear that a statute that is impermissibly vague is void and may not be used to impose criminal sanctions against a person alleged to have violated the statute. *Grayned*, supra; *Locks*, supra. There is still a presumption, however, in favor of the constitutionality of a statute, and "The burden rests upon one assailing the validity of a statute to establish that it infringes a constitutional guarantee or violates some constitutional principle." *State v. Krug*, 96 Ariz. 225, 228, 393 P.2d 916, 918 (1964). It is also recognized that:

"A certain amount of imprecision is inherent in all language. A reasonable degree of certainty is necessary in any criminal statute, but no more. (citation omitted)" *State ex rel De Concini v. Gatewood*, 10 Ariz.App. 274, 277, 458 P.2d 368, 371 (1969).

### III

Respondent raises three specific objections to the statute. First he contends " * * * it is not clear, by the terms of the statute, whether the statute can be violated by one individual acting alone, or whether the action of two or more persons is required. * * * "

■ We believe that it is clear that the statute can be violated by one person acting alone, as was the case here, with one or more people watching. The statute is not concerned with sexual intercourse, as defined in A.R.S. § 13–1401(3) which would require at least two persons, but actions by one (or more) in public that may be seen or observed by others. The statute gives clear notice that if one person engages in the activities described by the statute in the presence or view of others, that person will be in violation of the statute. The statute is definite and certain as to who may violate the statute.

The defendant secondly contends that: " * * * the statute does not exempt, by its terms, certain forms of contact which necessarily occur in public places, such as the 'manipulation' of one's genitals or anus involved in performing bodily functions in a public restroom. * * * "

■ In this the defendant is contending that the statute is overbroad in that it applies to conduct which the state may not proscribe. *State ex rel. Purcell v. Superior Court*, 111 Ariz. 582, 535 P.2d 1299 (1975).

We do not agree that the statute extends to normal bodily functions in a public restroom. The acts have to be reckless and offensive or alarming to reasonable persons and of a sexual nature. Normal bodily functions in a public restroom would not be offensive or alarming to reasonable persons and are not of a sexual nature as required by the statute. The statute excludes normal bodily functions and is neither vague nor overbroad.

Finally respondent states:

" * * * Also, the 'medical treatment' defenses provided in ARS §§ 13–1407(A) and (C) to charges under ARS §§ 13–1402, 13–1404, 13–1405, and 13–1406 (variously) do not apply to violations of ARS § 13–1403. Did the legislature truly intend to find doctors culpable under the statute whenever a physical examination is performed? The language of the statute permits such a result. * * * "

Again we do not agree. The medical treatment defense provided by statute reads as follows:

"§ 13–1407. Defenses

"A. It is a defense to a prosecution pursuant to §§ 13–1404 and 13–1405, involving a minor, if the act was done in furtherance of lawful medical practice.

\* \* \* \* \* \*

"C. It is a defense to a prosecution pursuant to § 13–1402, 13–1404, 13–1405 or 13–1406, if the act was done by a duly licensed physician or registered nurse or a person acting under his or her direction, or any other person who renders emergency care at the scene of an emergency occurrence, and consisted of administering a recognized and lawful form of treatment which was reasonably adapted to promoting the physical or mental health of the patient and the treatment was administered in an emergency when the duly licensed physician or registered nurse or a person acting under his or her direction, or any other person rendering emergency care at the scene of an emergency occurrence, reasonably believed that no one competent to consent could be consulted and that a reasonable person, wishing to safeguard the welfare of the patient, would consent."

Section 13–1402 concerns indecent exposure, –1404 sexual abuse, –1405 sexual contact with a minor, and –1406 sexual assault.

The fact that the legislature chose to omit § 13–1403, the statute in this case, from § 13–1407 providing for a medical defense, does not mean, as respondent contends, that the statute would make criminal a physical examination by a medical doctor. The statute does not admit to such an interpretation. The statute refers to reckless conduct by which the other person, as a reasonable person, would be offended or alarmed. If the statute prohibited routine or necessary medical examination and treatment, it would, of course, be overbroad. We do not believe, however, that reasonable people would so interpret the statute to cover proper and necessary medical examination.

IV

It is easy to allege and often difficult to rebut allegations of vagueness. This is particularly true of allegations which speculate as to fact situations not likely to occur, activities clearly not intended by the legislature to be prohibited by the statute, or prosecutions not apt to be brought. In the instant case, it is clear that defendant, by reading the statute, would know that masturbating before the three elementary school girls was prohibited by the statute. The statute gave him adequate notice as to what was prohibited. As we have stated:

"The basic rule in reviewing a statute for vagueness is to determine whether the offense is defined in terms that people of average intelligence can understand * *." *State v. Varela*, 120 Ariz. 596, 599, 587 P.2d 1173, 1176 (1978).

The order of the trial court finding that the statute is unconstitutional is set aside, and the matter is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.