793 P.2d 116

**STATE of Arizona, Appellant,**

v.

**Charles Floyd WHITAKER, Appellee.**

**Nos. 1 CA–CR 88–941, 1 CA–CR 88–942.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 15, 1990.

Review Denied July 10, 1990.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellee.

VOSS, Presiding Judge.

The issue on appeal is whether acts of public sexual indecency can be committed in a home. We conclude they can, and reverse the trial court's dismissal of the charges brought against the defendant.

## BACKGROUND

The defendant was charged in two separate indictments with seven counts of public sexual indecency to a minor, class five felonies in violation of A.R.S. § 13–1403(B), and three counts of public sexual indecency, class one misdemeanors in violation of A.R.S. § 13–1403(A).[1] The indictments were later consolidated.

The indictments allege that incidents occurred in various places, including the defendant's bedroom, living room, in front of the living room window, and in the front and back yards. The allegations in the record are that defendant knowingly masturbated and exposed himself in front of his two daughters, who were under age 15, and two other females whose relationship to the defendant is unspecified. Prior to trial, the defendant moved to dismiss the charges which related to the incidents in the living room of his home. He argued that a person's private home was not a "public place," and alternatively, if it were, the public sexual indecency statute was unconstitutional as vague and ambiguous because it regulated protected activity.

The state opposed the motion arguing that the statute did not regulate constitutionally protected activity, and the statute did not require the prohibited acts be committed in a "public place." Rather, the state maintained, the term "public" in the statute referred to the presence of another person, and not the place where the act occurred.

After oral argument on the motion, the trial court entered an order dismissing count one in CR–87–08574 and counts one, three, four, five and six in CR–88–03571. These counts involved defendant's alleged conduct in the presence of his daughters in his bedroom, living room, and in front of the living room window. The trial court held that the public sexual indecency statute could not "reasonably be construed so as to encompass activities within a private residence."

The state dismissed the remaining counts without prejudice and prosecuted this appeal. The state argues that the trial court erred in declaring A.R.S. § 13–1403 unconstitutional. The state points out that this statute survived a constitutional attack in *State ex rel. Hamilton v. Superior Court*, 128 Ariz. 184, 624 P.2d 862 (1981). There, the Supreme Court stated: "The statute [A.R.S. § 13–1403] gives clear notice that if one person engages in the activities described by the statute in the presence or view of others, that person will be in violation of the statute." *Id.* at 186, 624 P.2d at 864. Defendant argues that the trial court did not declare the statute unconstitutional. Rather, the trial court ruled that as a matter of law, acts committed in a private home could not be "public" and therefore dismissed the noted counts.

---

1. A.R.S. § 13–1403 states:

   A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:
   1. An act of sexual contact.
   2. An act of oral sexual contact.
   3. An act of sexual intercourse.
   4. An act involving contact between the person's mouth, vulva or genitals and the anus or genitals of an animal.
   B. A person commits public sexual indecency to a minor if he intentionally or knowingly engages in any of the acts listed in subsection A and such person is reckless whether a minor under the age of fifteen years is present.
   C. Public sexual indecency is a class 1 misdemeanor. Public sexual indecency to a minor is a class 5 felony.

In reply, the state additionally asserts that dismissal was inappropriate because the defendant failed to demonstrate that the state's evidence would not satisfy each element of the statute. We hold that dismissal was improper because the term "public", as it is used in A.R.S. § 13–1403, refers to the presence of another person and not the place where the act occurred.

## DISCUSSION

Indecent exposure and particular acts and forms of lewdness or gross indecency with respect to sexual relations constituted criminal offenses at common law. *State v. Romero*, 103 N.M. 532, 534, 710 P.2d 99, 101 (App.1985), *cert. denied*, 103 N.M. 525, 710 P.2d 92 (1985); Annot., 96 A.L.R.3d 692, 693 (1979). At common law, the elements of indecent exposure were the willful exposure of the person *in a public place* in the presence of others. *Yauch v. State, City of Tucson*, 109 Ariz. 576, 577–78, 514 P.2d 709, 710–11 (1973). Public indecency, or "lewdness" at common law has been interpreted to mean open and public indecency. The elements were conduct which amounted to a common nuisance, committed in a public place and seen by persons lawfully in that place. 96 A.L.R.3d at 693.

Under the majority English, common law view, the public place element required the presence of more than one person. American jurisdictions are split on whether more than one viewer is required in order to constitute the offense of indecent exposure. *State v. Pallman*, 5 Conn.Cir.Ct. 202, 248 A.2d 589 (1968); *Romero*, 103 N.M. at 534, 710 P.2d at 101. By statute in other jurisdictions, when the victim is a minor, commission of the offense is not restricted to a "public place." Annot., 94 A.L.R.2d 1353, 1364–65 (1964).

Formerly, A.R.S. § 13–531 [2] defined indecent exposure as the willful and lewd exposure of one's person or private parts thereof in any public place or in a place where there are present other persons to be offended or annoyed thereby. In 1978, Arizona dropped the "public place" language, and made any indecent exposure a crime if committed in the presence of another person, and the actor was reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act. A.R.S. § 13–1402(A).[3] As noted in R. Gerber, *Criminal Law of Arizona* 197 (1978): "The language of [A.R.S. § 13–1402] implies that it is not so much the place as the purpose of the exposure and the likelihood of affront that determine criminality."

■■■ A.R.S. § 13–1403, the criminal section under which the defendant was charged in the instant matter, was first enacted in Arizona in 1978. It states in relevant part:

A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act....

A.R.S. § 13–1403(A). On the one hand, the legislature refers to the crime as *public* sexual indecency. Yet, the statute tracks the indecent exposure language of A.R.S. § 13–1402, in that another person must be present and that the defendant must be reckless about whether such person, as a reasonable person, would be offended or alarmed by the act.

Arizona's statute was derived from the Oregon Criminal Code. R. Gerber, *Criminal Law of Arizona* 198 (1978). Oregon's

---

**2.** A.R.S. § 13–531 was declared unconstitutional in *Attwood v. Purcell*, 402 F.Supp. 231 (D.Ariz. 1975). Because that statute could be applied to areas such as theater and dance that have been held to represent forms of expression protected by the first amendment, the Arizona Supreme Court accepted the declaration of that statute's unconstitutionality. *State v. Gates*, 118 Ariz. 357, 359, 576 P.2d 1357, 1359 (1978).

**3.** A.R.S. § 13–1402(A) states:

A. A person commits indecent exposure if he or she exposes his or her genitals or anus or she exposes the areola or nipple of her breast or breasts and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act.

statute states that "(a) person commits the crime of public indecency if while in, or in view of, a public place he performs...." Or.Rev.Stat. § 163.465. The "public place" requirement was deleted from Arizona's version. Therefore, although "public" is not defined in the statute, we are not persuaded that public sexual indecency must be committed in a "public place," to wit: a place open to or frequented by the general public. We believe the use of the term "public" by the legislature is merely an archaic appendage from the common law reduced to a descriptive term of the offense and not an element of the offense. We conclude, as other courts have, that "public" or "public place" as used in public indecency statutes means a place where the actor might reasonably expect his conduct to be viewed by another.

In *Greene v. State*, 191 Ga.App. 149, 381 S.E.2d 310 (1989), *cert. denied*, No. 46969 (Ga. May 4, 1989), the defendant was convicted of public indecency based on his appearing nude in the presence of a teenage female babysitter in the bedroom and bathroom of his own home. On appeal, he argued that his bedroom and bathroom were not "public places" within the meaning of that state's statute and that his marital bedroom was a "sacred precinct" protected by the United States Constitution. The court rejected these arguments.

The *Greene* court noted that "public place" was defined by statute as any place where the conduct involved may reasonably be expected to be viewed by people other than the actor's family or household. The court concluded that a home was not necessarily circumscribed from inclusion as a "public place." The court further noted that what constitutes a "public" place is a question of fact to be proved or disproved by the evidence presented. Under the circumstances in *Greene*, the court held that the defendant's bathroom and bedroom were public places because the activity could reasonably be expected to be viewed by others.

As to the argument that the marital bedroom was a private place granted extraordinary constitutional protection, the court stated:

> Greene argues that the marital bedroom has been held to be a "sacred precinct" of privacy by the United States Supreme Court and protectable as such. *Griswold v. Connecticut*, 381 U.S. 479, 485, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (1965). While that is true, Greene by his own behavior removed the barrier and converted his bedroom and bath from a private zone to a public place, where his nudity might reasonably be expected to be viewed by people other than members of his family or household. It is not necessary that the place be visible to members of the public who are outside of it, see *McGee v. State*, 165 Ga.App. 423, 424(2), 299 S.E.2d 573 (1983)....

*Id.* at 150–51, 381 S.E.2d at 311.

In *McGee v. State*, 165 Ga.App. 423, 299 S.E.2d 573 (1983), the court held that the victim's apartment was a "public place" for purposes of the public indecency statute. In *McGee*, the defendant and the victim were inside the victim's apartment when the defendant told the victim he wanted to masturbate in front of her. She told him to leave the apartment. The defendant refused and became agitated. Fearful for her safety, the victim told the defendant to "do what he needed to do and get out." *Id.* 423, 299 S.E.2d at 574–75.

On appeal, the defendant argued that because his acts were done in the privacy of the victim's apartment, he could not be guilty of public indecency. The court disagreed and held:

> [T]he victim's apartment would have been a "public place" as to the defendant if it were such a place where the lewd exposure might reasonably have been expected to have been viewed by [another] person or persons.... We hold, therefore, that the victim's apartment was a "public place" as to this defendant under Code Ann. § 26–401(m).

*Id.* at 424, 299 S.E.2d at 575.

In *People v. Legel*, 24 Ill.App.3d 554, 321 N.E.2d 164 (1974), the defendant was convicted of public indecency based on conduct which occurred in his dining room. On

appeal, the defendant argued that his conviction could not stand because the interior of his dining room was not a "public place." The court rejected the argument. The court noted that a public place was defined by statute as "any place where the conduct may reasonably be expected to be viewed by others." Ill.Rev.Stat. ch. 38, § 11–9(b), *quoted in Legel,* 24 Ill.App.3d at 557–58, 321 N.E.2d at 167. As such, the court held that a room in one's own home may be a public place under certain circumstances. The court's rationale is stated in the following:

> The purpose of this section [public indecency] is to protect the public from shocking and embarrassing displays of sexual activities. A person need not be in a public place to be a member of the public. The ambit of protection afforded by this statute clearly extends to members of the public in their own homes.

*Id.* at 558–59, 321 N.E.2d at 168. Like Illinois, Arizona has declared that the purpose of the public sexual indecency statute is to "protect the public from shocking and embarrassing displays of sexual activities." *State v. Flores,* 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989).

In *Legel,* the defendant also argued that his home was his castle and therefore activities within the confines of its walls were private. The *Legel* court responded persuasively:

> It is true that a person's home is protected by law from intrusion by trespassers, but activities within the confines of one's home are protected only to the extent that the individual seeks to preserve his activities as private. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." (*Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582 (1967).) Such is the present case. The facts, as related, clearly show that defendant made no attempt to preserve his activities as private. A reasonable man in the position of the defendant would expect his conduct to be viewed by others.... We find that, under the instant circumstances, defendant's dining

room qualifies as a public place within the meaning of the statute.

*Id.* at 559, 321 N.E.2d at 168. Other courts, in the context of indecent exposure, have reached the same result with much of the same reasoning. *State v. Vega,* 38 Conn.Supp. 313, 444 A.2d 927 (1982); *People v. Christ,* 32 Ill.App.3d 1014, 337 N.E.2d 53 (1975); *State v. Louis,* 296 Or. 57, 672 P.2d 708 (1983).

▆ It is therefore clear that the statute's proscriptions can be committed in one's own home. It is a question of fact whether an actor by his conduct knowingly exposes his activity to another and is reckless about whether such other would reasonably be offended or alarmed by such activity. Any constitutional considerations concerning the right to privacy and consensual acts in the home are guarded by the standard of reasonableness and the requirement that the actor must be reckless.

> The offense parallels indecent exposure in new A.R.S. § 13–1402 in requiring that another person be present and that the defendant be reckless about whether this other person normally would be offended or alarmed. This reasonableness test presumably balances interests of free expression and privacy with a standard of public moral decency.
>
> . . . .
>
> ... [T]he defendant's awareness of another's presence and his disregard of the prospect of giving offense become crucial evidentiary issues.

R. Gerber, *Criminal Law of Arizona* 198–99 (1978). Our supreme court has already held that before criminal liability can attach under the public sexual indecency statute, "[t]he acts have to be reckless and offensive or alarming to reasonable persons and of a sexual nature." *Hamilton,* 128 Ariz. at 187, 624 P.2d at 865.

▆ The instant charges involve allegations that the defendant knowingly masturbated and exposed himself in the presence of his minor daughters. It is a question of fact whether, in light of the evidence presented, defendant's actions amount to public sexual indecency. Therefore, the tri-

al court's order dismissing the charges is reversed, and this matter is remanded for further proceedings consistent with this opinion.

JACOBSON and KLEINSCHMIDT, JJ., concur.