857 P.2d 395

**STATE of Arizona, Appellant,**

v.

**Refugio SANDOVAL, Appellee.**

**No. 1 CA–CR 92–1302.**

Court of Appeals of Arizona,
Division 1, Department B.

July 29, 1993.

---

**344**

Richard M. Romley, Maricopa County Atty. by Kevin Maricle, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Helene Abrams, Deputy Public Defender, Phoenix, for appellee.

## OPINION

GRANT, Judge.

In this appeal by the state, we decide whether Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–1402, which prohibits "indecent exposure," requires an act of a sexual nature in order for public nudity to constitute a violation of this statute. We hold that there is no such requirement and reverse the dismissal of the charges against appellee Refugio Sandoval ("defendant").

## FACTS AND PROCEDURAL HISTORY

On April 14, 1992, the state filed a complaint in the West Phoenix Justice Court Precinct charging defendant with two counts of indecent exposure in violation of A.R.S. section 13–1402, each a class 6 felony. The complaint alleged that defendant exposed his genitals in the presence of two minor females under the age of fifteen years. Defendant waived his right to a preliminary hearing and entered a plea agreement on April 22, 1992. On April 28, 1992, the charges against defendant were refiled in the Maricopa County Superior Court. For reasons not disclosed in the record, defendant entered not guilty pleas to both counts at his arraignment on May 5, 1992.

On July 7, 1992, defendant entered a new plea agreement in which he agreed to plead no contest to one count of indecent exposure, a class 6 undesignated offense. The agreement stipulated that defendant's sentence would be suspended and that he would be placed on probation. The plea agreement further provided that defendant had to register as a sex offender pursuant to A.R.S. section 13–3821.

At the change of plea hearing, the court asked the state to provide a factual basis to permit the court to find defendant guilty of indecent exposure. The prosecutor stated the factual basis as follows:

On April 12th, 1992, in the area of Bolin Park at the State Capitol, Phoenix, Maricopa County, Arizona, the defendant in the presence of [victim 1] exposed his genitals and was reckless about whether [victim 1], who was a minor under the age of fifteen years, as a reasonable person would have been offended or alarmed by the act.

To be more specific, the defendant exposed his genitals to two girls aged eight and nine years. The victims first observed the defendant urinating in the park. When the defendant saw the victims, he removed his pants and began yelling and chasing the girls before the girls hid from the defendant and reported him to the police. The defendant admitted urinating in front of the girls.

The trial court stated that more was required "as to what the defendant did with his penis to support and substantiate this charge." Defense counsel then advised the court that "[t]he girls would testify that after they observed him urinating, he then got on his bicycle. His pants removed at that point in time, and he chased them around Wesley Bolin Plaza while he was riding his bicycle with his penis exposed." Defense counsel further stated that defendant did not agree with these additional facts, but that the victims would so testify if there were a trial. Defense counsel added that because his client disputes these additional facts, "that's the reason for the no contest plea." The trial court refused to accept the factual basis for the plea.

On July 16, 1992, defendant filed a motion to dismiss the charges asserting that the only facts the state would be able to present at trial were those presented at the change of plea hearing and that they were insufficient to support a conviction. The state responded arguing that the facts were sufficient to support convictions under A.R.S. section 13–1402. At the hearing on the motion to dismiss, defendant stipulated that, for the purpose of his motion, the facts were as set forth by the state as follows:

On April 12, 1992, the defendant was observed urinating in public at Wesley Bolin Plaza by two girls, aged eight and nine respectively. When the defendant observed the girls, he removed his pants and chased the girls while on his bike. Both girls saw the defendant's penis, and both were extremely frightened when they contacted the police.

Defendant further agreed that the facts included that the girls "were very afraid and scared of what they saw."

The trial court granted defendant's motion and dismissed the charges with prejudice stating:

In considering this in the light most favorable to the party opposing the motion, the Court is going to grant the motion to dismiss. I believe that something more than mere nudity is against the law in this state, something more

than urinating in public or riding a bicycle naked.

The state filed a timely notice of appeal.

### DISCUSSION

The state argues that the trial court abused its discretion in dismissing the charges because the stipulated facts are sufficient to support a conviction under A.R.S. section 13–1402. The statute reads as follows:

A. A person commits indecent exposure if he or she exposes his or her genitals or anus or she exposes the areola or nipple of her breast or breasts and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act.

B. Indecent exposure is a class 1 misdemeanor. Indecent exposure to a person under the age of fifteen years is a class 6 felony.

The trial court believed that "something more" was required than the facts presented by the state in order to find a violation of A.R.S. section 13–1402. During the hearing on the motion to dismiss, the trial court noted that *City Court of City of Tucson v. Lee*, 16 Ariz.App. 449, 452, 494 P.2d 54, 57 (1972), speaks about indecent exposure going back to the old English common law and that indecent exposure requires some form of obscene exhibition. The prior statute, A.R.S. section 13–531, required that the exposure be done lewdly. That statute was held unconstitutional in *State v. Gates*, 118 Ariz. 357, 576 P.2d 1357 (1978) and *Attwood v. Purcell*, 402 F.Supp. 231 (D.C.Ariz.1975). Defendant contends that the trial court was correct and that the "something more" that is missing is evidence of a "sexual interest" or that his actions were "sexually motivated." We find no support in the current law for this proposition.

There have been no cases addressing the elements necessary for a conviction under A.R.S. section 13–1402 since its enactment in 1978, although the history of "indecent exposure" and "public indecency" was dis-

cussed to some extent in *State v. Whitaker*, 164 Ariz. 359, 793 P.2d 116 (App. 1990). In *Whitaker,* the court was dealing with charges brought pursuant to A.R.S. section 13–1403 and in the process contrasted that statute, which prohibits public sexual indecency, with A.R.S. section 13–1402. In doing so, the court observed:

> The language of [A.R.S. § 13–1402] implies that it is not so much the place as the purpose of the exposure and the likelihood of affront that determine criminality.

*Id.* at 361, 793 P.2d at 118 (*quoting* R. Gerber, *Criminal Law in Arizona* 197 (1978)).

A.R.S. section 13–1402 was also discussed in *Rolph v. City Court of City of Mesa*, 127 Ariz. 155, 618 P.2d 1081 (1980), another decision involving charges brought pursuant to A.R.S. section 13–1403. In *Rolph,* the Arizona Supreme Court contrasted the two statutes and held that A.R.S. section 13–1402 (indecent exposure) was not a lesser included offense of A.R.S. section 13–1403 (public sexual indecency) as the latter statute did not require public nudity as an element. *Id.* at 159, 618 P.2d at 1085. As a result, it was unnecessary for the court to determine what other elements were required for a conviction under A.R.S. section 13–1402. *See also State ex rel. Baumert v. Superior Court*, 130 Ariz. 256, 257, 635 P.2d 849, 850 (1981) (holding that a violation of A.R.S. section 13–1402 was not subject to a misdemeanor compromise (remedy by civil action) pursuant to A.R.S. section 13–3981).

■ In the absence of prior controlling court decisions interpreting A.R.S. section 13–1402, we begin with the standard rules of statutory construction. The provisions of penal statutes are to be construed according to the fair import of their terms to promote justice and effect the objectives of the law. A.R.S. §§ 1–211(C) and 13–104. The intent of the legislature in enacting a statute is first to be determined from statutory language. *State v. Bouchier*, 159 Ariz. 346, 347, 767 P.2d 233, 234 (App. 1989). Statutory language which is clear and unambiguous generally requires no ju-dicial construction. *Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 157, 548 P.2d 1151, 1154 (1976). If that language is plain and unambiguous leading to only one meaning, the court will follow that meaning. *Board of Education v. Leslie*, 112 Ariz. 463, 465, 543 P.2d 775, 777 (1975).

The trial court is correct in stating that something more than mere public nudity is necessary for a conviction under A.R.S. section 13–1402. That something more, however, is not supplied by the common law, but by the explicit terms of the statute. *See State v. Miniefield*, 110 Ariz. 599, 602, 522 P.2d 25, 28 (1974) (Arizona criminal law is based solely on statute and not on common law). In addition to nudity in the presence of another (i.e., the act of exposure), this statute plainly and specifically requires that a defendant be reckless about whether the other person present, as a reasonable person, would be offended or alarmed by the act.

■ The stipulated facts are sufficient to establish the elements of "indecent exposure" as set forth in A.R.S. section 13–1402. Defendant not only exposed his penis to the two girls, but chased after them while doing so. A rational trier of fact could certainly decide that a reasonable person in the position of the two girls would be offended or alarmed by defendant's actions. The fact that the girls were scared by defendant's conduct itself provides some evidence that a reasonable person would be alarmed by such conduct. Defendant does not really contest that the facts are sufficient for these elements, but instead relying on *State ex rel. Hamilton v. Superior Ct.*, 128 Ariz. 184, 624 P.2d 862 (1981), argues that there must also be something more of a sexual nature to his actions for a violation of A.R.S. section 13–1402. Defendant points out that A.R.S. section 13–1402 and A.R.S. section 13–1403, the public sexual indecency statute analyzed in *Hamilton,* both include the exact same language:

> … and the defendant is reckless about whether such other person, as a reason-

able person, would be offended or alarmed by the act.

Defendant further notes that in interpreting A.R.S. section 13–1403, the Arizona Supreme Court stated:

> The acts have to be reckless and offensive or alarming to reasonable persons *and of a sexual nature.*

*Hamilton,* 128 Ariz. at 187, 624 P.2d at 865 (emphasis added).

We view *Hamilton* as readily distinguishable. In making the statement quoted above, the court was discussing the proscribed acts set forth in A.R.S. section 13–1403, which are all of a sexual nature, and contrasting them to normal bodily functions in a public restroom in determining that A.R.S. section 13–1403 was neither vague nor overbroad. Unlike the public indecency statute, A.R.S. section 13–1402 does not include any mention of an act of a sexual nature that would warrant such an interpretation for indecent exposure.

Defendant also cites A.R.S. section 13–1407(E) as a basis for interpreting all offenses set forth in Title 13, Chap. 14, including A.R.S. section 13–1402, as requiring an element of sexual motivation or interest. This statute actually implies precisely the contrary. A.R.S. section 13–1407(E) makes it a defense to prosecutions brought pursuant to A.R.S. section 13–1410 or to A.R.S. section 13–1404 involving a victim under fifteen years of age that the defendant was not motivated by a sexual interest. The absence of A.R.S. section 13–1402 from this provision leads to just the opposite conclusion, that the absence of a sexual interest does not preclude prosecution for indecent exposure.

Finally, defendant points out that A.R.S. section 13–3821 requires that any defendant convicted of an offense under Title 13, Chap. 14, must register as a sex offender and asserts that this dictates that there must be some element of sexual intent. We find this argument likewise unpersuasive. A.R.S. section 13–3821 also requires persons convicted under Chapter 35.1 of Title 13 to register as sex offenders. Under that chapter, A.R.S. section 13–3552 prohibiting the commercial sexual exploitation of a minor does not require that the offender be sexually motivated. As is well-known, an offender under this statute may be motivated solely by profit or pecuniary gain. Finally, A.R.S. section 13–3556 makes it unlawful for "an owner, operator or employer to admit a person under the age of eighteen into any business establishment where persons, in the course of their employment expose their genitals or anus or the areola or nipple of the female breast." This statute has no requirement that the offender be sexually motivated. We perceive no indication by the legislature that it intended to modify the offenses set forth in Chapter 14, through the enactment of A.R.S. section 13–3821.

■ The language of A.R.S. section 13–1402 is clear and unambiguous. The statute contains no requirement expressed or implied requiring that the acts proscribed be sexually motivated or done with some sexual intent to commit indecent exposure. Nor does any other part of the criminal code add such a requirement to A.R.S. section 13–1402. While the granting of a motion to dismiss is within the sound discretion of the trial court, *State v. Hansen,* 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988), when there has been an abuse of discretion, this court has a duty to reverse. *Bowman v. Hall,* 83 Ariz. 56, 60, 316 P.2d 484, 486 (1957). An "abuse of discretion" is discretion manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. *Quigley v. City Court of City of Tucson,* 132 Ariz. 35, 37, 643 P.2d 738, 740 (App.1982). In this case, the dismissal was granted for untenable reasons, that is an incorrect legal interpretation of the statutory elements necessary for a conviction under A.R.S. section 13–1402. Accordingly, the granting of defendant's motion to dismiss was an abuse by the trial court of its discretion.

### CONCLUSION

As the stipulated facts submitted for purposes of deciding the motion to dismiss were sufficient to permit a conviction under A.R.S. section 13–1402, the trial court

erred in granting the motion. The trial court's order of dismissal is reversed, and this matter is remanded for further proceedings consistent with this opinion.

JACOBSON, P.J., and WEISBERG, J., concur.