251 P.3d 1048

**STATE of Arizona, Appellant**

**v.**

**Donald T. STAPLEY, Jr., Appellee.**

**No. 1 CA–CR 09–0682.**

Court of Appeals of Arizona, Division 1, Department D.

March 24, 2011.

---

Gallagher & Kennedy P.A. By Tom Henze, Paul K. Charlton, Flynn Patrick Carey, Phoenix, Attorneys for Appellee.

Yavapai County Attorney's Office By Sheila Sullivan Polk, Queen Creek, Melvin R. Bowers, Jr., Special Deputy County Attorney, Prescott, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Appellant State of Arizona appeals the superior court's order dismissing numerous class 1 misdemeanor charges against Donald Stapley for filing incomplete or false financial disclosure statements. For the following reasons, we affirm.

## BACKGROUND

¶ 2 We begin with a brief overview of Arizona Revised Statutes ("A.R.S.") sections 38–541 through –545 (hereinafter "§ 38–541 *et seq.*"). In 1974, the Arizona Legislature enacted legislation setting forth financial disclosure requirements for the State's public officers. 1974 Ariz. Sess. Laws, ch. 199, § 5 (2nd Reg.Sess.). This legislation is set forth in A.R.S. § 38–541 *et seq.* The term "public officer," as defined by the statute, includes "a member of the legislature and any judge of the court of appeals or the superior court, or a person holding an elective office the constituency of which embraces the entire geographical limits of this state." A.R.S. § 38–541(8) (2001).[1] Pursuant to A.R.S. § 38–542(A) (2001), public officers are required to "file with the secretary of state on a form prescribed by the secretary of state a veri-fied financial disclosure statement covering the preceding calendar year." This section also sets forth the specific financial information that is required to be disclosed. A.R.S. § 38–542(A). The secretary of state is required to "prepare written guidelines, forms and samples for completing the financial disclosure statement" required by § 38–542(A). A.R.S. § 38–542(E).

¶ 3 The legislature addressed "local public officers" by enacting A.R.S. § 38–545 (2001), which states in relevant part that "every incorporated city or town or county shall by ordinance, rule, resolution or regulation adopt standards of financial disclosure consistent with the provisions of this chapter applicable to local public officers." A "local public officer" is "a person holding an elective office of an incorporated city or town, a *county* or a groundwater replenishment district established under title 48, chapter 27." A.R.S. § 38–541(6) (emphasis added).

¶ 4 In 1983, the legislature amended § 38–542(A) to expand financial reporting requirements. 1983 Ariz. Sess. Laws, ch. 328, § 7 (1st Reg.Sess.). The additional reporting requirements added by the 1983 amendments included requiring public officers to disclose all property held by businesses in which the officer had an interest.[2] *Id; see also* A.R.S. § 38–542(A)(5). In 1993, the legislature again amended § 38–544 to establish a civil penalty for violating the financial disclosure requirements. 1993 Ariz. Sess. Laws, ch. 226, § 18 (1st Reg.Sess.). In addition to the civil penalty, § 38–544 provides in relevant part that any public officer or local public officer "who knowingly fails to file a financial disclosure statement required pursuant to § 38–542, 38–543, or 38–545, who knowingly files an incomplete financial disclosure statement or who knowingly files a false financial disclosure statement is guilty of a class 1 misdemeanor."

¶ 5 On August 12, 1974, in response to the legislative mandate in § 38–545, the Maricopa County Board of Supervisors ("Board")

---

1. We cite the current version of applicable statutes when no revisions material to this decision have occurred.

2. Many of the charges against Stapley involve his alleged failure to disclose property held by companies in which he had an interest.

adopted a resolution requiring financial disclosure by the county's elected officials. The following is an entry from the minutes of the Board's August 12, 1974 meeting:

### Adoption of Resolution Re: Financial Disclosure For Elected Officials:

Pursuant to the provisions of A.R.S. Sec. 38–545, Mr. Corbin made the motion, which was unanimously carried, that the Board adopt the following resolution prescribing standards of financial disclosure for elected officials; and further, that the Board prescribe that violators of any provisions of said resolution shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed $1,000.00 or by imprisonment in the County jail for up to thirty (30) days:

(Attached)

The four-page resolution, recorded on a separate document, was attached to the Board's minutes. The resolution was signed by the Board's chairman and clerk and set forth in detail the financial disclosure requirements for the county's elected officials. The resolution's language mirrored that of A.R.S. § 38–542, as it existed in 1974. A copy of the resolution is attached to this opinion as an Appendix.

¶ 6 In 1979, the Board adopted a similar resolution requiring the county's exempt employees to follow the same financial disclosure requirements as the county's elected officials. Like the 1974 resolution, the 1979 resolution mirrored § 38–542, was recorded in the Board's meeting minutes, and was signed by the Board's chairman and clerk.

¶ 7 On January 16, 1984, after the 1983 amendments to § 38–542, the Board addressed the county's financial disclosure standards and the Board's minutes record the following:

### STANDARDS ADOPTED RE: PUBLIC OFFICERS FINANCIAL DISCLOSURE

Motion was made by Mr. Freestone and unanimously carried that the Board adopt standards of financial disclosure consistent with the provisions of Chapter 328 in the same form as prescribed by the Secretary of State for Public Officers of the State of Arizona for Public Officers of the County of Maricopa.

The Board minutes from this meeting in 1984 do not include, attach, or reference any resolution or other document similar to the resolution adopted in 1974.

¶ 8 After the 1993 amendments to § 38–544, the Board again addressed the topic of financial disclosure and the minutes from the Board's January 20, 1994 meeting record the following:

### FINANCIAL DISCLOSURE RESOLUTION—RESCINDED

Motion was made by Supervisor Wilcox, seconded by Supervisor Rawles, and unanimously carried to rescind resolution regarding financial disclosure dated May 21, 1979, and update the Financial Disclosure form for Elected Officials to bring the form and process into compliance with A.R.S. 38–541 et al. Financial disclosure forms must be filed by January 31, each year, with the Clerk of the Board.

As in 1984, the Board minutes from this meeting in 1994 do not include, attach, or reference any specific resolution, ordinance, or document.

¶ 9 As a member of the Board, Stapley is an elected official and a "local public officer" as defined in A.R.S. § 38–541(6). On November 8, 2008, Stapley was indicted on 21 counts of perjury, class 4 felonies; 23 counts of forgery, class 4 felonies; 21 counts of false swearing, class 6 felonies; and 53 counts of filing an incomplete or false financial disclosure statement, class 1 misdemeanors. All but two of the counts were based upon alleged omissions in financial disclosure statements filed by Stapley between 1994 and 2008. The misdemeanor charges against Stapley for filing incomplete or false financial disclosure statements were alleged to be in violation of A.R.S. §§ 38–541, 38–542, 38–544, 38–545, and "Maricopa County Rule or Resolution adopted January 20, 1994."

¶ 10 On June 17, 2009, Stapley moved to dismiss all charges in the indictment that alleged he had violated A.R.S. §§ 38–541 et seq. and "Maricopa County Rule or Resolu-

tion adopted January 20, 1994." Stapley argued that the relevant financial disclosure requirements, which were added by the legislature in 1983, did not apply to Maricopa County's elected officials because "the Board failed to follow the requirements of A.R.S. § 38-545 and failed to enumerate 'standards of financial disclosure' in 1984 and 1994." According to Stapley, he cannot be charged with incorrectly completing his financial disclosure forms because, due to the insufficiency of the Board's actions, there is "no legally enacted requirement that he complete such forms." In its response, the State argued that the Board's actions in 1984 and 1994 complied with § 38-545 and constituted an adoption by reference of the State's amended financial disclosure statutes.

¶ 11 In August 2009, the superior court heard oral argument on Stapley's motion to dismiss. The court granted Stapley's motion, dismissing the charges against Stapley for failing to file an incomplete or false financial disclosure statement.[3] According to the court, the Board "did not act pursuant to the mandate of A.R.S. § 38-545 and therefore [Stapley] may not be held criminally liable for violations of financial disclosure standards never properly adopted."

¶ 12 The State moved to dismiss the remaining charges against Stapley without prejudice, and this motion was granted. The State appealed the superior court's order dismissing the misdemeanor charges against Stapley, and we have jurisdiction over this appeal pursuant to A.R.S. § 13-4032(1) (2010). The State also petitioned this court for special action relief, but we declined to exercise our discretionary special action jurisdiction.

3. Stapley filed a separate motion to dismiss arguing that A.R.S. § 38-542 is unconstitutionally vague. The court denied that motion in August 2009.

4. The following standardized language is found in the pertinent counts:

DONALD T. STAPLEY, JR., a public officer or local public officer, on or between [date or dates], knowingly filed an incomplete and/or false financial disclosure statement, to wit: failure to disclose ownership of property [at identified location or locations], in violation of A.R.S. §§ 38-542, 38-542(A)(5), 38-544, 38-541, 38-545, 13-707, 13-802, and Maricopa

## ANALYSIS

¶ 13 This case involves the granting of a motion to dismiss criminal charges, which is usually reviewed by applying an abuse of discretion standard. *See State v. Sandoval*, 175 Ariz. 343, 347, 857 P.2d 395, 399 (App. 1993). The central question we must resolve, however, is whether the Board's action in 1994 complied with A.R.S. § 38-545 and imposed specific financial disclosure requirements on Stapley. The pertinent facts are undisputed and our resolution of this appeal turns on legal issues that we review independently. *See Grosvenor Holdings L.C. v. City of Peoria*, 195 Ariz. 137, 139, ¶ 6, 985 P.2d 622, 624 (App.1999) (application of law to undisputed facts reviewed de novo); *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 500, ¶ 24, 88 P.3d 565, 570 (App.2004) (statutory interpretation reviewed de novo).

¶ 14 Although the parties have addressed whether the Board's action in 1984 was a rule or resolution adopting financial disclosure standards, we need not evaluate the Board's 1984 action to resolve this appeal. The counts at issue allege that Stapley violated A.R.S. §§ 38-541, 38-542, 38-544, 38-545, "*and Maricopa County Rule or Resolution adopted January 20, 1994.*"[4] (Emphasis added.)

¶ 15 We begin our analysis of the Board's 1994 action by noting that "the authority of a county board of supervisors is in no way parallel to that of the legislature." *Hart v. Bayless Inv. & Trading Co.*, 86 Ariz. 379, 384, 346 P.2d 1101, 1105 (1959). The law-making powers of a county derive from the legislature and the Board can exercise

County Rule or Resolution adopted January 20, 1994.

Stapley is not charged with violating the Board's 1984 rule, resolution, or action. Additionally, § 38-545 requires each county to adopt financial disclosure standards and § 38-544(A) imposes a criminal penalty for violation by a local public officer such as Stapley of the county's financial disclosure standards. Accordingly, the pertinent counts in the indictment, by their own language, necessarily require a finding that Stapley violated financial disclosure standards adopted in 1994.

only those powers specifically granted to it by the legislature. *Id.* (citations omitted). Additionally, the Board must exercise the powers given to it by the legislature "in the manner fixed by statute." *Mohave County v. Mohave–Kingman Estates, Inc.,* 120 Ariz. 417, 420, 586 P.2d 978, 981 (1978). If the Board acts in a manner not recognized by the statute granting the powers, its actions are "'without jurisdiction and wholly void.'" *Id.* (quoting *State Bd. of Control v. Buckstegge,* 18 Ariz. 277, 282, 158 P. 837, 839 (1916)).

¶ 16 In order for the Board's 1994 action to be a valid exercise of its law-making powers, the action must have complied with A.R.S. § 38–545, the statute from which the Board's power in this case derives. *See Hart,* 86 Ariz. at 384, 346 P.2d at 1105. Section 38–545 states:

> Notwithstanding the provisions of any law, charter or ordinance to the contrary, every incorporated city or town or county shall by ordinance, rule, resolution or regulation *adopt standards of financial disclosure consistent with the provisions of this chapter* applicable to local public officers.

(Emphasis added.) Accordingly, we must determine if the Board adopted standards of financial disclosure consistent with § 38–541 *et seq.* by ordinance, rule, resolution, or regulation. We resolve this issue by focusing on the requirement that financial disclosure standards be *adopted.*

¶ 17 The 1994 Board minutes indicate an intention by the Board to update its financial disclosure forms and process so they would be in "compliance" with the statutory requirements. As the superior court pointed out in its ruling, however, there was no accompanying or subsequent action by the Board actually adopting and establishing standards of financial disclosure as required by § 38–545. The State argues that the Board's 1994 action adopted by reference the amended versions of §§ 38–541 *et seq.* but we do not interpret the motion that was passed

as actually *adopting* those sections or their financial disclosure standards.

¶ 18 The Board, by passing a motion, agreed to update its financial disclosure requirements so they would be in "compliance" with "A.R.S. 38–541 et al."[5] These statutes require the Board to adopt financial disclosure standards "consistent with" the statutes. A set of disclosure standards could be "consistent with" and in "compliance" with the state statutes without being identical to them. Accordingly, an intention to adopt standards or forms that are in "compliance" with the state statutes implies that an additional step will occur to enact or adopt specific disclosure requirements. The language used by the Board in the 1994 motion did not adopt verbatim the provisions in § 38–541 *et seq.*

¶ 19 Both parties agree the Board properly adopted financial disclosure requirements by resolution in 1974. A comparison of the text of the Board's 1974 documentation and the language from 1994 Board minutes supports our conclusion that the Board did not adopt standards of financial disclosure in 1994. The 1974 entry indicates that a motion was made and unanimously carried, to "adopt the *following* resolution." (Emphasis added.) Attached to the minutes was a "Resolution" that closely resembled A.R.S. § 38–542 and set forth detailed financial disclosure standards. *See* Appendix.

¶ 20 In contrast to the 1974 Board action, the 1994 minutes indicate a future intention to adopt or update the Board's financial disclosure statements but do not indicate that the Board actually adopted specific standards. And unlike the 1974 motion and resolution, the 1994 entries do not reference an attached document setting forth specific financial disclosure standards.

¶ 21 Because Stapley was indicted for violating A.R.S. §§ 38–541, 38–542, 38–544, 38–545, and "Maricopa County Rule or Resolution adopted January 20, 1994," the superior court did not err in granting Stapley's motion to dismiss these misdemeanor charges.

---

5. We assume that the Board meant *"et seq.,"* which means "[a]nd those pages or sections that follow," instead of *"et al.,"* which means "[a]nd other people" or "[a]nd elsewhere." Black's Law Dictionary 573–74 (7th ed.1999) (internal parenthetical omitted). Because of the unequivocal reference to "38–541," we do not base our decision on the incorrect use of "et al."

Stapley cannot be charged with violating disclosure requirements that did not exist.[6]

## CONCLUSION

¶ 22 We affirm the Court's order dismissing those counts in the indictment alleging that Stapley violated A.R.S. §§ 38–542, 38–542(A)(5), 38–544, 38–541, 38–545, 13–707, 13–802, and "Maricopa County Rule or Resolution Adopted January 20, 1994."

CONCURRING: ANN A. SCOTT TIMMER, Chief Judge and LAWRENCE F. WINTHROP, Judge.

## Appendix

### *RESOLUTION*

WHEREAS, the Thirty-first Arizona Legislature, during its second regular session, enacted Chapter 199, Laws of the State of Arizona, and;

WHEREAS, said Chapter 199, Section 5, amended Title 38, Arizona Revised Statutes, by adding chapter 3.1, articles 1, 2 and 3, which set out standards for financial disclosure for public officers as defined therein, and;

WHEREAS, Section 38–545, Arizona Revised Statutes, as added by article 1 of chapter 3.1 requires each Arizona county to adopt by resolution standards of financial disclosure consistent with the provisions of said chapter 3.1,

NOW, THEREFORE, be it resolved, and it is hereby resolved that:

1. *Definitions*

In this Resolution, unless the context otherwise requires:

 A. "Elected County Officer" means a person holding an elective county office.

 B. "Compensation" means money, tangible thing of value or financial benefit.

 C. "Immediate Family" means the elected county officer's spouse and any minor child of whom the elected county officer has legal custody.

2. *Duty to file financial disclosure statement; exceptions*

In addition to other statements and reports required by Law, every elected county officer, as a matter of public record, shall file with the Clerk of the Maricopa County Board of Supervisors on a form prescribed by the Clerk of the Maricopa County Board of Supervisors a verified statement disclosing:

 A. The name of the elected county officer and each member of his immediate family and all names under which they do business.

 B. Identification of each employer and of each other source of compensation amounting to more than one thousand dollars annually received by the elected county officer and his immediate family in their own names, or by any other person for the use or benefit of the elected county officer or his immediate family and a brief description of the nature of the services for which the compensation was received, except that this paragraph shall not be construed to require the disclosure of information that may be privileged by law nor the disclosure of individual items of compensation that constitute a portion of the gross income of the business or profession from which the elected county officer or his immediate family derives compensation.

 C. The name of every corporation, trust, business trust, partnership, or association in which the elected county officer and his immediate family, or any other person for the use or benefit of the elected county officer or his immediate family, have an investment or holdings of over one thousand dollars at fair market value as of the date of said statement, or in which the elected county officer or his immediate family holds any office or has a fiduciary relationship, together with description of the investment, office or relationship, except that this paragraph does not require disclosure of the name of any bank or other financial institution

---

**6.** Because we resolve the appeal on this issue, we do not reach Stapley's constitutional arguments.

with which the elected county officer or member of his immediate family has a deposit or withdrawal share account.

D. All Arizona real property interests including street address, specific location and approximate size or legal description to which either the elected county officer or his immediate family holds legal title, or a beneficial interest in, excluding his residence and property used primarily for personal recreation by the elected county officer or his immediate family.

E. The names of all persons to whom the elected county officer and his immediate family, in their own names or in the name of any other person, owe more than one thousand dollars, except that this paragraph shall not be construed to require the disclosure of debts owed by the elected county officer or his immediate family resulting from the ordinary conduct of a business or profession, nor debts on the residence of the elected county officer or his immediate family, not debts arising out of secured transactions for the purchase of consumer goods, nor debts secured by cash values of life insurance nor debts owed to relatives.

F. The identification of all accounts receivable exceeding one thousand dollars held by the elected county officer and his immediate family in their own names, or by any other person for the use or benefit of the public officer or his immediate family. This paragraph shall not be construed to require the disclosure of information that may be privileged by law, nor the disclosure of debts owed to the elected county officer or his immediate family resulting from the ordinary conduct of a business or profession.

G. The source of each gift of more than five hundred dollars received by the elected county officer and his immediate family in their own names during the preceding twelve months, or by any other person for the use or benefit of the elected county officer or his immediate family except gifts received by will or by virtue of intestate succession, or received by way of distribution from any inter vivos or testamentary trust established by a spouse or by an ancestor, or gifts received from relatives. Political campaign contributions shall not be construed as gifts.

H. A description of all professional occupational and business licenses in which either an elected county officer or his immediate family has an interest, issued by any Maricopa County department, agency, commission, institution, or instrumentality, including the name in which the license is issued, the type of business or profession, and its location.

3. *Duty to file financial disclosure statement by candidate for public office*

A. The statement required to be filed pursuant to this section shall be filed by each elected county officer on or before the thirty-first day of January of each year except that, in the case of an officer appointed to fill a vacancy in an elected office, within fifteen days following the filling of such vacancy.

B. A candidate for elected county office shall file the financial disclosure statement containing the information required as set forth herein on a form prescribed by the Clerk of the Maricopa Comity Board of Supervisors by September 1, 1974, and, thereafter, at the time of filing of nomination papers.

ADOPTED in open session this 12th day of August, 1974.

68

MARICOPA COUNTY
BOARD OF SUPERVISORS

_____
Chairman

ATTEST:

_____
Clerk of the Board of Supervisors