UNITED STATES

v.

Allen ROYAL, 577 78 7344, Lance Corporal (E-3), U. S. Marine Corps.

NCM 76 1725.

U. S. Navy Court of Military Review.

Sentence Adjudged 8 April 1976.

Decided 11 Nov. 1976.

LT H. Glenn Scammel, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

CEDARBURG, Chief Judge:

This appellant was convicted by military judge sitting as a special court-martial, of unauthorized absence, escape from custody and two specifications of assault consummated by a battery. He was sentenced to confinement at hard labor for three months and fifteen days, forfeiture of $240 pay per month for four months, reduction to pay grade E–1 and a bad conduct discharge. The findings and sentence have been approved by the reviewing authorities below.

Appellant assigns two errors:

I. THE ELEMENT OF LAWFUL CUSTODY WAS NOT PROVEN WITH RESPECT TO CHARGE II.
A. THE ESCORT OF APPELLANT BY SERGEANT A WAS NOT PROVEN BY COMPETENT EVIDENCE TO BE LAWFUL.
B. THE EXISTENCE OF CUSTODY AT THE TIME OF THE ALLEGED ESCAPE WAS UNPROVEN AND CLEARLY REBUTTED BY THE EVIDENCE OF RECORD.

II. THE STAFF JUDGE ADVOCATE'S REVIEW WAS PREJUDICIALLY INADEQUATE AND MISLEADING IN ITS DISCUSSION OF THE EVIDENCE PROBATIVE OF CHARGE II.

We affirm.

I.

The Government's case on the merits of Charge II consisted of the testimony of Sergeant A. Sergeant A testified that he had been assigned, in company with four additional chasers, to escort a group of Marines including the appellant to the hospital for pre-confinement physical examinations. When he reported to the Sergeant Major's office, Sergeant A found that "they had the confinement papers for me to take Lance Corporal Royal and five other prisoners to the hospital to get a physical." Sergeant A looked at the confinement papers and saw that they had been signed by the Commanding Officer, Major A. A physical examination was part of the process of administrative preparation for confinement in the brig.

At the examination room appellant and PFC R indicated a need to visit the head. Sergeant A and another chaser accompanied them to the head and waited outside the door. After some time had passed, Sergeant A decided to enter the head to see what was taking them so long. At first the door was barred against him. When he succeeded in forcing the door open, appel-

lant and PFC R ran out. After a fruitless chase through the hospital, Sergeant A lost sight of the appellant and PFC R and gave up the pursuit.

Appellant now asserts that the lawfulness of the custody was not proven by competent and admissible evidence. He argues that Sergeant A's testimonial description of the confinement papers was a violation of both the best evidence and hearsay rules and should not have been considered by the military judge.

■ The theory of the best evidence rule is that the best evidence of the contents of a writing is the original writing itself. For this reason, the best evidence rule requires that the original writing should be offered into evidence except under certain circumstances not pertinent herein. Paragraph 143*a*(1), Manual for Courts-Martial, 1969 (Revised Edition). Other evidence of the contents of a writing, including testimony, is known as secondary evidence. *Id.* Sergeant A's testimony was secondary evidence. The Manual provides that a failure to object to the receipt of secondary evidence on the ground that to do so would violate the best evidence rule waives the objection. *Id.* Trial defense counsel's failure to object therefore waived the objection, which cannot be asserted on appeal. *United States v. Deller*, 3 U.S.C.M.A. 409, 12 C.M.R. 165, 171 (1953). We note further that the Manual speaks of a timely objection, "when evidence is offered," and we reject in any event appellant's invitation to read an objection based upon the best evidence rule into trial defense counsel's diffuse comments about Sergeant A's testimony made during his summation.

■ Implicit in the best evidence rule is the requirement that the primary evidence for which secondary evidence is substituted would itself have been admissible. *United States v. Kauffman*, 33 C.M.R. 748 (A.F.B.R.1963); ¶ 143*a*(1), MCM. Sergeant A's testimony shows that the confinement papers represented Major A's order that appellant be prepared for, and delivered into, the confinement facility. Major A had signed the papers. It appears, therefore, that the

confinement papers would have been admissible into evidence under the official records exception to the hearsay rule. *See* ¶ 144, MCM; *cf. United States v. Burge*, 1 M.J. 408 (1976). Since the nature of the writing was shown to belong to a class of admissible evidence, we find that questions relating to whether the particular papers had been executed properly were waived by defense counsel's failure to object to the substitution of the secondary evidence for the document itself. Sergeant A's testimonial description of the document was not hearsay but rather the very secondary evidence sanctioned by the Manual in the absence of objection at trial. There is no basis for appellant's assertion that the testimony of the Sergeant was barred by the hearsay rule.

The Sergeant's testimony proves beyond a reasonable doubt that appellant had been subjected to lawful custody. The testimony also establishes, as a matter of fact, that appellant was in custody at the time of his departure from the head and the hospital grounds.

■ An individual may be taken into custody for the purpose of delivering him from one place to another. *United States v. Ream*, 51 C.M.R. 708, 1 M.J. 759 (A.F.C.M.R.1976). The facts related by Sergeant A concerning appellant's delivery with four other persons from the Sergeant Major's office to the hospital under the guard of five chasers in a truck obtained for that special purpose sufficed to constructively notify him of his status as one in custody. *United States v. Ream, supra.* When appellant requested permission to visit the head, Sergeant A stationed himself outside the door. Under the circumstances of the case, we find that at the time of his escape, appellant remained in the "presence" of his escort and was in fact in lawful custody. *United States v. Ellsey*, 16 U.S.C.M.A. 455, 37 C.M.R. 75 (1966); *United States v. Ream, supra.* Both the effect of the physical proximity of Sergeant A and the degree of moral suasion exerted by his presence outside the head distinguish this case from *United States v. King*, 45 C.M.R. 783 (N.C.M.R.1971).

## II.

 The discussion by the staff judge advocate of the escape from custody issue was neither inadequate nor misleading. The staff judge advocate's definition of "presence" as including being within sight or call is supported by the reasoning of the Air Force Court of Military Review in *United States v. Ream, supra,* wherein the custodian's aural rather than visual monitoring of the accused's activities was found to establish the fact of custody. *Ream* cited the definition of presence as "the condition of being within sight or call" provided by Webster's Third International Dictionary. The fact that the door to the head was closed was of no moment in the resolution of the question of custody and in any event was made known to the convening authority by the trial defense counsel's reply to the review of the staff judge advocate.

## III.

The findings and sentence as approved below are affirmed.

Judge BAUM and Judge GLASGOW concur.