821 P.2d 179

**The STATE of Arizona, Appellee,**

**v.**

**John Davies MALOTT, Jr., Appellant.**

**No. 2 CA–CR 90–0013.**

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 10, 1991.

Review Denied Dec. 17, 1991.

J. Grant Woods, Atty. Gen. by Ronald L. Crismon and Susanna C. Pineda, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was indicted on one count each of second-degree burglary, attempted sexual assault and public sexual indecency, and

two counts of public sexual indecency to a minor under the age of 15. The state also filed an allegation of prior convictions and an allegation that the offenses were committed while appellant was on probation. Following a jury trial, he was convicted of the three public sexual indecency charges and acquitted on the remaining counts.[1] The jury also found the allegation of prior convictions to be true, and the trial court found that the offenses were committed while appellant was on probation. Appellant was sentenced to concurrent five-years terms on convictions for public sexual indecency to a minor, to run consecutively to the sentences imposed on prior convictions. He was also sentenced to six months in the Pima County Jail on the public sexual indecency conviction.

Viewing the evidence in the light most favorable to upholding the verdict, *State v. Neal*, 143 Ariz. 93, 692 P.2d 272 (1984), the facts are as follows. The adult victim ("P.") and her two minor children lived in one-half of a duplex in Tucson; the other half was occupied by a couple who were friends of appellant. On May 15, 1988, P. met appellant at the neighbors' home as the neighbors were getting ready to go to a party. Appellant invited P. to accompany them, but she declined. P. testified that her children were discussed with appellant. Before leaving, appellant told P. that if she were up after the party, he would come back to her house, but she declined and told him she would be in bed.

P.'s home has only one bedroom. She testified that, although she normally slept on the sofa bed in the living room, on that night she had slept in the bedroom with her children. She further testified that she had locked all the doors before retiring. In the middle of the night, she was awakened by the touch of hands on her back and buttocks. She awoke to find appellant standing naked in the room. When P. asked him what he was doing there, he responded that she had left the door open for him and he wanted to get into bed with her. He then grabbed her face and began

licking it. She pushed him away and told him to leave. Instead, he stood there masturbating and told P. that he wanted her to "jerk him off." He further tried to persuade her to have intercourse with him, but she refused and insisted that he leave. After 10 to 15 minutes, he finally left the room. After a few minutes, she went out to the kitchen and found him getting dressed. P. threatened him with a baseball bat and appellant left. After inspecting the premises, she discovered that he had entered by forcing open a window. P. testified that she did not believe that her children had awakened while appellant was present in the house.

On appeal, appellant contends that the trial court erred in denying his motion for a directed verdict as to the charges of public sexual indecency to a minor on the grounds that there was no evidence that the two children awoke and saw appellant and there was insufficient evidence to support a finding as to the *mens rea* of recklessness. We disagree and affirm.

A.R.S. § 13–1403 provides in pertinent part:

> A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:
>
> 1. An act of sexual contact.
>
> *   *   *   *   *   *
>
> B. A person commits public sexual indecency to a minor if he intentionally or knowingly engages in any of the acts listed in subsection A and such person is reckless whether a minor under the age of fifteen years is present.

To commit an offense under subsection B, the state must prove only that the defendant was reckless about whether a minor under 15 is present, and not whether such

---

1. The acquittal on the burglary charge follows this court's decision in *Malott v. Miller*, 162 Ariz. 239, 782 P.2d 715 (App.1989).

**520**

minor would be offended or alarmed by his conduct.

Appellant argues that the statute must be construed to require that the minor actually view the sexual act and that there was no evidence in this case that the minors ever awoke and saw appellant masturbating. He relies on *State ex rel. Hamilton v. Superior Court*, 128 Ariz. 184, 186, 624 P.2d 862, 864 (1981), interpreting subsection A, in which the court stated that the statute "gives clear notice that if one person engages in the activities described by the statute in the presence or view of others, that person will be in violation of the statute." Apart from the fact that the court uses the terms "presence" and "view" in the disjunctive, the common meaning of the term "present" is not synonymous with "view." Webster defines "present" to mean "being in view or at hand." Webster's New Collegiate Dictionary at 903 (1980). Thus, the offense is committed if the defendant is reckless about whether a minor under 15 is "in view or at hand" regardless of whether the minor actually witnesses the act. Appellant does not contest P.'s testimony that the minors were in the room with her when the offenses were committed.

Appellant's second contention is that the evidence was insufficient to establish that he was reckless about whether the minors were present. Again, we disagree. Crediting P.'s testimony, appellant knew that she lived with her two minor children and was going home to stay with them instead of going to the party. P.'s home had only one bedroom, and appellant came through the living room to get to the bedroom. These facts were sufficient to support the conclusion that appellant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" that the children were present in the bedroom when he committed the offenses. *See* A.R.S. § 13–105(6)(c).

We have reviewed the entire record for fundamental error and have found none.

The judgment of conviction and sentences are affirmed.

FERNANDEZ, C.J., and ROLL, P.J., concur.