819 P.2d 1021

**STATE of Arizona, Appellee,**

v.

**Robert Paul JANNAMON, Appellant.**

**No. 1 CA–CR 89–1383.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 12, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Presiding Judge.

Robert Paul Jannamon, the defendant, was convicted by a jury of three counts of public sexual indecency to a minor, a class 5 felony. The charges against him arose

out of his masturbating in a movie theater while sitting next to three young girls. The trial court sentenced the defendant to 2.5 years imprisonment on count I and to concurrent probationary terms of three years on counts II and III to commence at the conclusion of the prison term. The trial court further ordered the defendant to pay a $300.00 felony assessment fee and an $8.00 time-payment fee.

On appeal, the defendant raises the following issues: (1) whether he properly was convicted on counts II and III when the victims of those counts were not "present" in the statutory sense while the sexual act was being committed; (2) whether he properly was convicted of three counts of public sexual indecency to a minor when only one act was committed; (3) whether the conviction on count III should be redesignated as a misdemeanor because the state failed to prove that the victim of that count was under the age of 15 years; and (4) whether the imposition of the time-payment fee was in violation of the *ex post facto* prohibitions of the Arizona and the United States constitutions.

We find that the defendant properly was convicted and sentenced on counts I and II, and we uphold the imposition of the time-payment fee. We reverse the judgment and sentence on count III because of the state's failure to establish the victim's age at the time of the offense.

### *"Presence" of Victims*

The evidence presented at trial established that the defendant sat down in a movie theater next to victim 1, a 14–year-old girl. She observed in part the defendant masturbating until he ejaculated; he told her that he enjoyed her watching him. When the defendant asked her if she wanted him to leave, and she replied that she did, he wiped himself off with a paper towel he had been holding and insisted that she take $10.

Victim 2 was 12 years old at the time and sat three seats away from the defendant, on the other side of her sister, victim 1, and her sister's friend, victim 3. Victim 2 was curious as to why the defendant, a stranger, sat next to her sister when the theater was practically empty. When she leaned over to look at him, she saw the defendant moving his fingers as if he were rubbing something. At the time, she thought that the defendant was rubbing a peach-colored umbrella. She realized that the defendant had been rubbing his penis when she saw him leave and did not see him carrying an umbrella.

Victim 3 testified that she saw the defendant as he sat down two seats away from her, next to victim 1. She testified that she heard "a lot of fumbling" and "glanced over to see what he was doing, because he was moving around a lot," but that she did not see what movements the defendant was making or interpret the sounds as anything other than the defendant trying to get situated in his seat. When the defendant left, victim 3 saw him stuff some money in the hand of victim 1 and tell her "thank you for watching." Victim 1 then started to cry and told victim 3 what had happened.

The defendant argues that this evidence does not establish that either victim 2 or victim 3 was "present" while the sexual acts were being committed. He contends that "[b]eing present surely must require more than being within the same room or house or stadium with the defendant." The state responds that because these victims were in the same row, only a couple of seats away from the defendant and were in sight and aware of him, they were "present" as contemplated by the public sexual indecency statute.

The pertinent statute, A.R.S. § 13–1403, provides in part:

A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:

1. An act of sexual contact.[1]

\*    \*    \*    \*    \*    \*

---

1. An act of sexual contact includes the direct fondling of a man's penis. A.R.S. § 13–1401(2).

B. A person commits public sexual indecency to a minor if he intentionally or knowingly engages in any of the acts listed in subsection A and such person is reckless whether a minor under the age of 15 years is present.

▮ In interpreting statutes, courts must ascertain and give effect to the intent of the legislature. *E.g., Calvert v. Farmers Insurance Company of Arizona*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). The language of the statute itself is to be consulted first in determining legislative intent. *City of Show Low v. Owens*, 127 Ariz. 266, 268, 619 P.2d 1043, 1045 (App. 1980). However, A.R.S. § 13–1403(B) does not define "present"; we must look to other sources to discern its meaning.

A common definition of "present" is "being in view or at hand." *Webster's New Collegiate Dictionary* (7th ed. 1970). *See also Webster's New Universal Unabridged Dictionary* (2d ed. 1983) (one meaning of "present" is "at hand; in attendance"); *Black's Law Dictionary* (5th ed. 1979) (presence defined in part as "[a]ct, fact, or state of being at a certain place and not elsewhere, or within sight or call, at hand"); *Random House Dictionary of the English Language* (1967) ("present" defined in part as "being here or there, rather than elsewhere"; "presence" as "immediate vicinity, close proximity"). In *State ex rel. Hamilton v. Superior Court*, 128 Ariz. 184, 186, 624 P.2d 862, 864 (1981), our supreme court determined that A.R.S. § 13–1403(A) proscribes the activities described when performed "in the presence or view of others...." In *State v. Malott*, 169 Ariz. 518, 821 P.2d 179 (App.1991), Division Two of this court noted that the court in *Hamilton* used the words "presence" and "view" in the disjunctive to describe the prohibited activities, adding that the two words are not synonyms. It relied upon *Webster's New Collegiate Dictionary* (1980) to define "present" to mean "being in view or at hand" and held that it was not necessary for the minor to actually witness the sexual act. Courts of other jurisdictions have applied a similar definition in construing statutes requiring a person's presence. *United States v. Royal*, 2 M.J. 591, 594 (1976) ("presence" for purpose of offense of escape from custody includes being within sight or call of custodian); *United States v. Ream*, 1 M.J. 759, 761 (1975) (in "presence" of escort means "condition of being within sight or call"); *People v. Martinez*, 150 Cal.App.3d 579, 198 Cal.Rptr. 565, 582 (1984) ("To establish the element of 'presence,' a victim need not perceive the actual taking so long as he perceives any overt act in the commission of the robbery and is subjected to the requisite force or fear."); *Davison v. State*, 281 P.2d 196, 198 (Okl.App.1955) ("present" as applied to indecent exposure statute means "being before, in view or at hand; being within reach, sight or call").

▮ All three victims in this case were present within the meaning of the statute. The girls were seated in a row next to the defendant and cognizant of his closeness. We are not persuaded that because victims 2 and 3 were not cognizant of what truly was happening until after the defendant had left, they could not be considered victims of the crime. The statute contains no requirement, with respect to minors, that the defendant be reckless as to whether his victims would be offended or alarmed. Rather, the defendant need only be reckless with respect to whether a minor is present in the sense of being within viewing range. "Reckless" elsewhere is defined as an awareness and conscious disregard of a substantial and unjustifiable risk that the circumstance exists. A.R.S. § 13–105(6)(c). The circumstance in this case is the presence of a minor. Indeed, the defendant chose the site of his act with the apparent intent that victim 1 specifically be able to observe him masturbate, given that he sat next to her in a nearly-empty theater, asked her if she enjoyed watching him, and insisted that she take money with thanks for watching him. Of course, two girls of comparable youth were sitting next to victim 1. As with statutory rape, A.R.S. § 13–1405, or child molestation, A.R.S. § 13–1410, alarm or offense on the part of the minor is irrelevant. Nothing in the statute leads us to believe that the legislature intended it to apply only to children of

sufficient age or experience to understand the situation and be offended or alarmed by it.

Our construction of the statute is consistent with the legislative purpose behind it. In *State v. Flores*, 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989), this court determined that A.R.S. § 13–1403 "is designed to protect the public from shocking and embarrassing displays of sexual activities...." *See Yauch v. State*, 109 Ariz. 576, 578, 514 P.2d 709, 711 (1973) ("evil sought to be suppressed" by legislative enactment of prohibitions against indecent or obscene exposure "not only the infliction of nudity upon a beholder's moral sensibilities, but also the public degradation and debasement of the individual exposed"). To construe the statute as the defendant proposes would be to nullify it as it applies to young or naive children.

### Propriety of Multiple Counts

█ The defendant next argues that his convictions on counts II and III should be set aside because only one "act" of public sexual indecency to a minor was committed. He concedes that one act "clearly might involve more than one person being offended by or present during the act," but argues that convicting a defendant of multiple counts in such a situation is "contrary to the legislative intent." We agree with the state that by exposing himself to three victims, the defendant was guilty of three separate offenses.

In *State v. Hamblin*, 165 Ariz. 211, 797 P.2d 1229 (App.1990), this court determined that multiple convictions and corresponding consecutive sentences could be premised upon a single act of fleeing from the scene of two accidents. Relying upon *State v. Gunter*, 132 Ariz. 64, 70, 643 P.2d 1034, 1040 (App.1982), we remarked that "act" and "offense" are not synonymous. 165 Ariz. at 214, 797 P.2d at 1232. In *Gunter*, the court wrote:

> The Constitution speaks of "offense." Generally, criminal "offenses" are defined in relationship to a victim.... Equally, the law generally does not make the act itself criminal unless harm or

potential harm results to another. Thus, conceptually, the law itself focuses on the results rather than the act. We see no reason why this focus should shift when defining the term "offense."

132 Ariz. at 69, 643 P.2d at 1039. We concluded in *Hamblin* that because it is the breach of a duty to another that constitutes the criminal offense, and because Hamblin's single act of leaving the scene breached that duty to separate victims, each breach properly could be charged as a separate criminal offense. 165 Ariz. at 213, 797 P.2d at 1231.

As noted, one of the purposes of the statute at issue here is to protect the public from "shocking and embarrassing displays of sexual activities." *Flores*, 160 Ariz. at 239, 772 P.2d at 593. The defendant breached that duty as to each of the victims when he masturbated in the theater in reckless disregard of their presence. Accordingly, he properly was charged with multiple counts arising out of a single act.

### Sufficiency of Evidence of Victim's Age

█ As his third contention of error, the defendant protests that the state failed to establish that victim 3 was less than 15 years old at the time of the offense. He requests, therefore, that his conviction on this count be reduced to a misdemeanor conviction for public sexual indecency. The state concedes that its evidence was deficient in this respect, but argues that the failure to establish the victim's age was a "technical error" upon which the defendant's conviction should not be reduced or reversed.

Although the defendant's argument never was presented to the trial court, we will consider this issue for the first time on appeal because it is a fundamental—not a "technical"—error to convict a person for a crime when the evidence does not support a conviction. *State v. Govan*, 154 Ariz. 611, 616, 744 P.2d 712, 717 (App.1987). By the terms of A.R.S. § 13–1403(B), a defendant has not committed the crime of public sexual indecency to a minor if the state does not establish that the victim was under 15 years of age at the time of the offense.

■ Here, victim 3 testified that at the time of trial in September 1989 she was 15 years old. The offense occurred in December 1988. The victim did not testify as to her birth date. The parties did not stipulate to the victim's age.[2] Thus, there was no evidence before the jury establishing that this victim was under the age of 15 at the time of the offense.

■ The defendant requests only that the conviction be reduced from a felony to a misdemeanor conviction for public sexual indecency. However, because the state failed to present evidence as to an element of the misdemeanor, the defendant's conviction must be reversed. To be convicted of violating A.R.S. § 13–1403(A), the jury would have to be instructed and find that the defendant was reckless as to whether any person present "as a reasonable person, would be offended or alarmed by the act." As discussed earlier, this is not an element of § 13–1403(B), the offense with which the defendant was charged, and because of this difference, a violation of section A is not a lesser-included offense of section B. Accordingly, the judgment on count III is reversed and the $100 felony assessment is struck. A.R.S. §§ 13–812, 13–4037.

### *Propriety of the Time–Payment Fee*

■ Finally, the defendant argues that the imposition of the $8.00 time-payment fee was improper because the fee statute was not in effect at the time he committed his offense. He asks this court to vacate the trial court order requiring the fee.

In *State v. Weinbrenner,* 164 Ariz. 592, 593–94, 795 P.2d 235, 236–37 (App.1990), we held that the time-payment fee statute is procedural in nature and therefore not an *ex post facto* law. We further held that it was not until the date of sentencing that the statute becomes effective as to a particular defendant. The defendant was sentenced after the effective date of the stat-

ute. Therefore, the imposition of the time-payment fee was proper.

This court, pursuant to A.R.S. § 13–4035, has fully reviewed the record and has found no additional fundamental error.

The judgments and sentences imposed on counts I and II and the imposition of the time-payment fee are affirmed. The judgment on count III is reversed.

FIDEL and TAYLOR, JJ., concur.

---

**2.** After the jury retired to deliberate, the court confirmed with. counsel that they agreed to forms of verdict referring only to the offense of "public sexual indecency to a minor." At that time, defense counsel stated: "Your Honor, I don't believe there was any dispute as to the age, so I'm not going to make a fuss."