UNITED STATES

v.

Michael W. CLEMENTS, 462–45–3748
Seaman Recruit (E–1), U.S. Navy.

NMCM 93 01876.

U.S. Navy–Marine Corps Court
of Military Review.

Sentence Adjudged 26 May 1993.

Decided 4 April 1994.

CAPT Arthur P. Leary, III, JAGC, USNR, Appellate Defense Counsel.

CDR John K. Iano, JAGC, USNR, Appellate Defense Counsel.

LT R.W. Sardegna, JAGC, USNR, Appellate Government Counsel.

Before REED, Senior Judge, and LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

In this case, following the filing of briefs by the parties, we specified the issue of whether or not the appellant providently pled guilty to escape from custody.[1] Based on the facts in this record, we have concluded that his plea was not provident, but based on the remaining offenses (17 unauthorized absences and wrongful use of methamphetamine), we have reassessed the sentence and found it appropriate.

During the *Care*[2] inquiry, the appellant told the military judge that he was apprehended by the Long Beach Police for unauthorized absence, and was turned over to the Naval Station Long Beach Shore Patrol. A second class petty officer acted as the appellant's escort. This escort took him to the Navy Hospital emergency room for a pre-confinement examination. While in the

1. WHETHER APPELLANT'S GUILTY PLEA TO ESCAPE FROM CUSTODY IN VIOLATION OF ARTICLE 95, UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 895, WAS PROVIDENT. *See* Paragraph 19, Part IV, Manual for Courts–Martial, United States (1984); *United States v. Mobley*, 12 M.J. 1029 (A.C.M.R.1982); *United*

*States v. Royal*, 2 M.J. 591 (N.M.C.M.R.1976); *United States v. King*, 45 C.M.R. 783 (N.C.M.R. 1971).

2. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

emergency room, the appellant was instructed to lie on a gurney. After removing the appellant's handcuffs, the escort left the room. The appellant then simply got up, walked out of the hospital and went to his girlfriend's house. There is no indication in the record what the escort did after he left the emergency room or where he was when the appellant left the hospital. There is also no indication regarding which exit the appellant used to leave. Record at 13–15.

■ One of the elements of the offense of escape from custody in violation of Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895, is that the accused freed himself or herself from custody before being released by proper authority. Manual for Courts–Martial, United States, 1984 (M.C.M.), Part IV, ¶ 19b(3)(c). It is often difficult to determine whether the custody status continues in certain circumstances. Paragraph 19c(3)(a), M.C.M., defines custody as:

> restraint of free locomotion imposed by lawful apprehension. The restraint may be physical or, once there has been a submission to apprehension or a forcible taking into custody, it may consist of control exercised in the presence of the prisoner by official acts or orders. Custody is temporary restraint intended to continue until other restraint (arrest, restriction, confinement) is imposed or the person is released.

The main issue is whether an accused was "in the presence of" his escort at the time he left. Custody continues as long as the accused is in the presence of the escort, and "presence" for purposes of this offense includes being within the sight or call of the escort. *United States v. Royal*, 2 M.J. 591 (N.C.M.R.1976); *United States v. Ream*, 1 M.J. 759 (A.F.C.M.R.1975). However, if the accused departs while not "in the presence of" his escort, he has not escaped from custody. *United States v. King*, 45 C.M.R. 783 (N.C.M.R.1971).

■ An accused's responses during the providency inquiry must establish factual circumstances that objectively establish his guilt. *United States v. Chambers*, 12 M.J. 443 (C.M.A.1982); *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). However, this record contains an insufficient factual basis to sustain the appellant's guilty plea to escape from custody. At the time the appellant left the hospital, his escort had departed the room. There is no information where the escort was at the time. Had he stationed himself at the door of the emergency room, this may have been sufficient to find the plea provident because he may have still been within "sight or call." *Royal*. But this record is silent on this important point. Therefore, we find a substantial basis for questioning the plea and cannot conclude that it was providently made. *United States v. Prater*, 32 M.J. 433 (C.M.A.1991).

In light of the above, the guilty findings to Charge II and its Specification are set aside, and that charge and specification are dismissed. The remaining assignments of error[3] lack merit. *Weiss v. United States*, — U.S. —, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell*, 37 M.J. 903 (N.M.C.M.R.), *petition granted*, 38 M.J. 313 (C.M.A.1993). Upon reassessment, and applying the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), we find the sentence approved below appropriate.

---

**3.** I. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

II. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

III. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

V. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)

Accordingly, the findings of guilty to Charges I and III and their Specifications and the sentence are affirmed. As a final matter, we note that the court-martial order incorrectly lists the period of unauthorized absence in specification 8 of Charge I. This absence terminated in 1992 vice 1993. A corrected court-martial order is hereby directed.

Senior Judge REED and Judge LAWRENCE concur.