**Ryszard Kazimienz REBILAS, a.k.a. Richard Rebilas, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–76988.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed Nov. 2, 2007.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Sarnata Reynolds, Esq., Berkeley, CA, David Assar, Esq., Asser Law Group, Phoenix, AZ, and Ali Saidi, Esq., Berkeley, CA, for the petitioner.

Peter D. Keisler, Esq., John C. Cunningham, Esq., Norah Ascoli Schwarz, Esq., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

Before: MICHAEL DALY HAWKINS, SIDNEY R. THOMAS, and CARLOS T. BEA, Circuit Judges.

BEA, Circuit Judge:

Petitioner Ryszard Kazimienz Rebilas ("Rebilas"), a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion for reconsideration of the BIA's earlier holding that petitioner's conviction for two counts of "attempted public sexual indecency to a minor" under Arizona Revised Statutes ("ARS") §§ 13–1001 and 13–1403(B) constituted sexual abuse of a minor and attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U). As such, petitioner was found by the BIA to be removable as an aggravated felon under 8 U.S.C. §§ 1101(a)(43), 1227(a)(2)(A)(iii). Petitioner was ordered removed and is in custody awaiting removal.

We grant the petition for review, and hold that Arizona's statutory definition of attempted public sexual indecency to a minor under ARS §§ 13–1001 and 13–1403(B) includes conduct that falls outside the federal definition of attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U). *See Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Because Rebilas has raised a colorable legal question as to whether his conviction constitutes an aggravated felony, we have jurisdiction under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), to resolve the issue. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040–41 (9th Cir.2005).

We review the BIA's denial of a motion to reconsider for abuse of discretion, *see Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we review the BIA's determination of issues of law *de novo*, deferring to the BIA's interpretation of an immigration statute where that interpretation is "based on a permissible construction of the statute." *Parrilla*, 414 F.3d at 1041. This includes the definition of "sexual abuse of a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A) and (U). *Id.*

Under the *Taylor* categorical approach, this court must look to "the ordinary case" that is prosecuted by the state, not some extreme hypothetical. *James v. United States*, — U.S. —, 127 S.Ct. 1586, 1597, 167 L.Ed.2d 532 (2007). Here, there was no evidence submitted, nor cases cited, about what types of conduct are ordinarily prosecuted under ARS § 13–1403(B). *See Gonzales v. Duenas-Alvarez*, — U.S. —, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007) (explaining that an offender "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.").

Rather than speculate about what conduct Arizona prosecutes under this statute, we examine Arizona cases where an offender's conviction under ARS § 13–1403(B) for sexual contact was upheld to see if any of these convictions were based on conduct that would not violate the federal generic crime. *Arizona v. Malott*, 169 Ariz. 518, 821 P.2d 179 (App.1991) falls in that category.

First, under ARS § 13–1403(B), the minor involved does not need to be touched, nor does the minor even need to be aware of the offender's conduct. The minor simply needs to be present. When the minor is unaware of the offender's conduct, the minor has not been "abused" as that term is commonly or generically defined, because the minor has not been physically or psychologically harmed. *See United States v. Baza-Martinez*, 464 F.3d 1010, 1012–16 (9th Cir.2006) (defining abuse as "physical or psychological harm"). Thus, where the minor is not touched by the defendant and is unaware of a defendant's indecent conduct, that conduct may not fall within the federal generic definition of sexual abuse of a minor because the minor's ignorance may obviate any psychological harm. *See id.* at 1015–17; *see also Stubbs v. Attorney General*, 452 F.3d 251, 255–56 (3d Cir.2006). *Malott*, where the children slept through the entire encounter between the offender and their mother, is the textbook example of a conviction for attempted public sexual indecency to a minor that demonstrates this principle. *Malott*, 821 P.2d at 180–81.

In *Malott*, the defendant's conviction for public sexual indecency to a minor under ARS § 13–1403(B) by sexual contact was upheld where a woman woke to find the defendant in her bedroom naked and masturbating.[1] The woman's two children were also in the room, but they did not wake during the incident. Although a minor must be in the presence of the offender, the minor need not be aware of the offender's actions for the statute to apply. *See Arizona v. Jannamon*, 169 Ariz. 435, 819 P.2d 1021, 1023–25 (App.1991) (affirming defendant's conviction under ARS § 13–1403(B), where the defendant masturbated in a movie theater while sitting next to a girl, who did not realize what she had witnessed until after defendant left).

---

1. Under ARS § 13–1403(B), masturbation constitutes sexual contact. The offender need not touch the minor to violate ARS § 13– 1403(B). *See State v. Williams*, 209 Ariz. 228, 99 P.3d 43, 45 (App.2004).

The court in *Malott* held that a violation of ARS § 13–1403(B) for public sexual indecency to a minor "is committed if the defendant is reckless about whether a minor under 15 is 'in view or at hand' regardless of whether the minor actually witnesses the act." 821 P.2d at 181.

Second, ARS § 13–1403(B) requires only that the offender have been "reckless" about whether a minor under the age of fifteen years is present. The offender does not need to know for certain that another person is present. Therefore, the offender's actions do not need to involve "the employment, use, persuasion, inducement, enticement, or coercion of a child." *See Parrilla,* 414 F.3d at 1041 (deferring to the BIA's permissible definition of sexual abuse of a minor where the BIA adopted the definition contained in 18 U.S.C. § 3509(a)(8)).

In *Parrilla,* this court held that a petitioner's conviction under Washington Revised Code § 9.68A.090 for communicating with a minor for immoral purposes was not categorically sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) because the Washington law "was not limited to only abusive offenses." *Parrilla,* 414 F.3d at 1043. This court found that under the Washington law, a defendant could be guilty simply by inviting a minor to watch an erotic performance. Such conduct would not categorically constitute sexual abuse of a minor.

Not only is ARS § 13–1403(B) broader than the federal definition of sexual abuse of a minor, but Arizona's definition of attempt under ARS § 13–1001 is broader than the federal definition of attempt. While the federal definition of attempt requires the defendant to commit an overt act constituting a *substantial* step towards the crime, *United States v. Morales–Perez,* 467 F.3d 1219, 1222 (9th Cir.2006), Arizona's definition of attempt is satisfied if

the defendant "[i]ntentionally does or omits to do anything which … is *any* step" in the crime. ARS § 13–1001(A)(2) (emphasis added); *see State v. Fristoe,* 135 Ariz. 25, 658 P.2d 825, 829–30 (App.1982). Thus, attempted public sexual indecency to a minor under Arizona law is broader than attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U).

■ In cases where, as here, the full range of conduct covered by the statute of conviction includes conduct that does not fall within the generic meaning of sexual abuse of a minor, we then employ the modified categorical approach. *Shepard v. United States,* 544 U.S. 13, 25, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (plurality opinion); *Estrada–Espinoza v. Gonzales,* 498 F.3d 933, 935 (9th Cir.2007) (per curiam). Under this approach, a court may generally consider only "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard,* 544 U.S. at 26, 125 S.Ct. 1254 (majority opinion). Here, the only relevant documents of conviction in the record are the indictment, the plea agreement and the judgment of conviction.

The indictment charges Rebilas with committing two counts of public indecency to a minor. Both counts state that "Rebilas, on or about the 21st day of June, 2003, in the presence of [a minor], intentionally or knowingly engaged in an act of sexual contact and was reckless about whether a minor under the age of fifteen years was present." As stated above, a defendant who violates ARS § 13–1403(B) by "sexual contact" may do so with conduct that does not meet the generic definition of sexual abuse of a minor. Therefore, the informa-

tion contained in the indictment does not change the analysis.

Neither the judgment of conviction nor the plea agreement contains the factual basis for the crime. The plea colloquy was not admitted into this record. The presentence report, which does appear in the record, contains factual allegations of the crime, but the pre-sentence report is not one of the documents we can consider when conducting a modified categorical approach. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.2002) (en banc) (holding that the pre-sentence report alone may not be used to determine the facts supporting a petitioner's guilty plea under the modified categorical approach if the sources of the facts therein are not "identified, acceptable" sources). Therefore, there are no relevant documents of conviction which provide facts establishing Rebilas was convicted of an offense constituting attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U).

We hold Rebilas' conviction for attempted public sexual indecency to a minor under ARS §§ 13–1001, 13–1403(B) does not constitute an attempt to commit the sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U), under either the categorical or modified categorical approach. Accordingly, we grant the petition for review, and order the government to release Rebilas.

**PETITION GRANTED.**