**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RYSZARD KAZIMIENZ REBILAS, a.k.a.
Richard Rebilas,
                          *Petitioner,*

                v.

MICHAEL B. MUKASEY,* Attorney
General,
                          *Respondent.*

No. 05-76988

Agency No.
A13-935-483

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 15, 2007—San Francisco, California

Filed November 2, 2007
Amended May 16, 2008

Before: Michael Daly Hawkins, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R.
Gonzales, as Attorney General of the United States, pursuant to Fed. R.
App. P. 43(c)(2).

## COUNSEL

Sarnata Reynolds, Esq., Berkeley, California, David Assar, Esq., Asser Law Group, Phoenix, Arizona, and Ali Saidi, Esq., Berkeley, California, for the petitioner.

Peter D. Keisler, Esq., John C. Cunningham, Esq., Norah Ascoli Schwarz, Esq., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

## ORDER

The motion to amend the opinion is granted in part. The opinion issued on November 2, 2007, *Rebilas v. Keisler*, 506 F.3d 1161 (9th Cir. 2007), is amended as follows:

We delete the paragraph on page 1164 that currently reads:

Not only is ARS § 13-1403(B) broader than the federal definition of sexual abuse of a minor, but Arizona's definition of attempt under ARS § 13-1001 is broader than the federal definition of attempt. While the federal definition of attempt requires the defendant to commit an overt act constituting a *substantial* step towards the crime, *United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006), Arizona's definition of attempt is satisfied if the defendant "[i]ntentionally does or omits to do anything which . . . is *any* step" in the crime. ARS § 13-1001(A)(2) (emphasis added); *see State v. Fristoe*, 135 Ariz. 25, 658 P. 2d 825, 829-30 (App. 1982). Thus, attempted public sexual indecency to a minor under Arizona law is broader than attempted sexual abuse of a minor under § 1101(a)(43)(A) and (U).

*Rebilas*, 506 F.3d at 1164. In its place, we substitute the following paragraph:

To hold that Rebilas's conviction was categorically a conviction for attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U), we would have to hold not only that Arizona's definition of public sexual indecency to a minor under ARS § 13-1403(B) was categorically sexual abuse of a minor, but also that Arizona's definition of attempt under ARS §§ 13-1001 was a categorical match with the federal definition of attempt. This would require a second *Taylor* analysis, comparing the elements of attempt under Arizona law and the elements of attempt under 8 U.S.C. § 1101(a)(43)(U). Because we hold that public sexual indecency to a minor under ARS § 13-1001 is not categorically sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), we need not engage in that analysis here.

No further filings will be accepted in this closed case.

## OPINION

BEA, Circuit Judge:

Petitioner Ryszard Kazimienz Rebilas ("Rebilas"), a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion for reconsideration of the BIA's earlier holding that petitioner's conviction for two counts of "attempted public sexual indecency to a minor" under Arizona Revised Statutes ("ARS") §§ 13-1001 and 13-1403(B) constituted sexual abuse of a minor and attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U). As such, petitioner was found by the BIA to be removable as an aggravated felon under 8 U.S.C. §§ 1101(a)(43), 1227(a)(2)(A)(iii). Petitioner was ordered removed and is in custody awaiting removal.

We grant the petition for review, and hold that Arizona's statutory definition of attempted public sexual indecency to a minor under ARS §§ 13-1001 and 13-1403(B) includes conduct that falls outside the federal definition of attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U). *See Taylor v. United States*, 495 U.S. 575, 600-02 (1990).

Because Rebilas has raised a colorable legal question as to whether his conviction constitutes an aggravated felony, we have jurisdiction under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), to resolve the issue. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040-41 (9th Cir. 2005).

We review the BIA's denial of a motion to reconsider for abuse of discretion, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review the BIA's determination of issues of law *de novo*, deferring to the BIA's interpretation of an immigration statute where that interpretation is "based on a permissible construction of the statute." *Parrilla*, 414 F.3d at 1041. This includes the definition of "sexual abuse of

a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A) and (U).
*Id.*

Under the *Taylor* categorical approach, this court must look
to "the ordinary case" that is prosecuted by the state, not some
extreme hypothetical. *James v. United States*, 127 S. Ct. 1586,
1597 (2007). Here, there was no evidence submitted, nor
cases cited, about what types of conduct are ordinarily prose-
cuted under ARS § 13-1403(B). *See Gonzales v. Duenas-
Alvarez*, 127 S. Ct. 815, 822 (2007) (explaining that an
offender "must at least point to his own case or other cases in
which the state courts in fact did apply the statute in the spe-
cial (nongeneric) manner for which he argues.").

Rather than speculate about what conduct Arizona prose-
cutes under this statute, we examine Arizona cases where an
offender's conviction under ARS § 13-1403(B) for sexual
contact was upheld to see if any of these convictions were
based on conduct that would not violate the federal generic
crime. *Arizona v. Malott*, 821 P.2d 179 (Ariz. App. 1991) falls
in that category.

**[1]** First, under ARS § 13-1403(B), the minor involved
does not need to be touched, nor does the minor even need to
be aware of the offender's conduct. The minor simply needs
to be present. When the minor is unaware of the offender's
conduct, the minor has not been "abused" as that term is com-
monly or generically defined, because the minor has not been
physically or psychologically harmed. *See United States v.
Baza-Martinez*, 464 F.3d 1010, 1012-16 (9th Cir. 2006)
(defining abuse as "physical or psychological harm"). Thus,
where the minor is not touched by the defendant and is
unaware of a defendant's indecent conduct, that conduct may
not fall within the federal generic definition of sexual abuse
of a minor because the minor's ignorance may obviate any
psychological harm. *See id.* at 1015-17; *see also Stubbs v.
Attorney General*, 452 F.3d 251, 255-56 (3d Cir. 2006).
*Malott*, where the children slept through the entire encounter

between the offender and their mother, is the textbook exam-
ple of a conviction for attempted public sexual indecency to
a minor that demonstrates this principle. *Malott*, 821 P.2d at
180-81.

In *Malott*, the defendant's conviction for public sexual
indecency to a minor under ARS § 13-1403(B) by sexual con-
tact was upheld where a woman woke to find the defendant
in her bedroom naked and masturbating.[1] The woman's two
children were also in the room, but they did not wake during
the incident. Although a minor must be in the presence of the
offender, the minor need not be aware of the offender's
actions for the statute to apply. *See Arizona v. Jannamon*, 819
P.2d 1021, 1023-25 (Ariz. App. 1991) (affirming defendant's
conviction under ARS § 13-1403(B), where the defendant
masturbated in a movie theater while sitting next to a girl,
who did not realize what she had witnessed until after defen-
dant left).

The court in *Malott* held that a violation of ARS § 13-
1403(B) for public sexual indecency to a minor "is committed
if the defendant is reckless about whether a minor under 15
is 'in view or at hand' regardless of whether the minor actu-
ally witnesses the act." 821 P.2d at 181.

**[2]** Second, ARS § 13-1403(B) requires only that the
offender have been "reckless" about whether a minor under
the age of fifteen years is present. The offender does not need
to know for certain that another person is present. Therefore,
the offender's actions do not need to involve "the employ-
ment, use, persuasion, inducement, enticement, or coercion of
a child." *See Parrilla*, 414 F.3d at 1041 (deferring to the
BIA's permissible definition of sexual abuse of a minor where
the BIA adopted the definition contained in 18 U.S.C.
§ 3509(a)(8)).

---

[1]Under ARS § 13-1403(B), masturbation constitutes sexual contact. The
offender need not touch the minor to violate ARS § 13-1403(B). *See Ari-
zona v. Williams*, 99 P.3d 43, 45 (Ariz. App. 2004).

In *Parrilla*, this court held that a petitioner's conviction under Washington Revised Code § 9.68A.090 for communicating with a minor for immoral purposes was not categorically sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) because the Washington law "was not limited to only abusive offenses." *Parrilla*, 414 F.3d at 1043. This court found that under the Washington law, a defendant could be guilty simply by inviting a minor to watch an erotic performance. Such conduct would not categorically constitute sexual abuse of a minor.

To hold that Rebilas's conviction was categorically a conviction for attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U), we would have to hold not only that Arizona's definition of public sexual indecency to a minor under ARS § 13-1403(B) was categorically sexual abuse of a minor, but also that Arizona's definition of attempt under ARS §§ 13-1001 was a categorical match with the federal definition of attempt. This would require a second *Taylor* analysis, comparing the elements of attempt under Arizona law and the elements of attempt under 8 U.S.C. § 1101(a)(43)(U). Because we hold that public sexual indecency to a minor under ARS § 13-1001 is not categorically sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), we need not engage in that analysis here.

In cases where, as here, the full range of conduct covered by the statute of conviction includes conduct that does not fall within the generic meaning of sexual abuse of a minor, we then employ the modified categorical approach. *Shepard v. United States*, 544 U.S. 13, 25 (2005) (plurality opinion); *Estrada-Espinoza v. Gonzales*, 498 F.3d 933, 935 (9th Cir. 2007) (per curiam). Under this approach, a court may generally consider only "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26

(majority opinion). Here, the only relevant documents of conviction in the record are the indictment, the plea agreement and the judgment of conviction.

**[3]** The indictment charges Rebilas with committing two counts of public indecency to a minor. Both counts state that "Rebilas, on or about the 21st day of June, 2003, in the presence of [a minor], intentionally or knowingly engaged in an act of sexual contact and was reckless about whether a minor under the age of fifteen years was present." As stated above, a defendant who violates ARS § 13-1403(B) by "sexual contact" may do so with conduct that does not meet the generic definition of sexual abuse of a minor. Therefore, the information contained in the indictment does not change the analysis.

**[4]** Neither the judgment of conviction nor the plea agreement contains the factual basis for the crime. The plea colloquy was not admitted into this record. The pre-sentence report, which does appear in the record, contains factual allegations of the crime, but the pre-sentence report is not one of the documents we can consider when conducting a modified categorical approach. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1212 (9th Cir. 2002) (en banc) (holding that the pre-sentence report alone may not be used to determine the facts supporting a petitioner's guilty plea under the modified categorical approach if the sources of the facts therein are not "identified, acceptable" sources). Therefore, there are no relevant documents of conviction which provide facts establishing Rebilas was convicted of an offense constituting attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U).

**[5]** We hold Rebilas' conviction for attempted public sexual indecency to a minor under ARS §§ 13-1001, 13-1403(B) does not constitute an attempt to commit the sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U), under either the categorical or modified categorical approach.

Accordingly, we grant the petition for review, and order the government to release Rebilas.

**PETITION GRANTED.**