FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO BANDA-MONTOYA, | No. 07-74794 |
| Petitioner, | Agency No. A028-709-910 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| ROBERTO BANDA-MONTOYA, | No. 08-72458 |
| Petitioner, | Agency No. A028-709-910 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2011
San Francisco, California

---

 *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Petitioner Roberto Banda-Montoya seeks review of a final order of removal by the Board of Immigration Appeals (BIA) which concluded that his convictions under Arizona Revised Statutes §§ 13-3407 and 13-1003 rendered him categorically removable and ineligible for cancellation of removal. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. Because we lack jurisdiction over the appeal, we dismiss the petition and do not address Banda-Montoya's remaining assignments of error.

If an alien is removable because of a conviction for an aggravated felony, we lack jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(2)(C). For purposes of the Immigration and Nationality Act (INA), "aggravated felony" includes, *inter alia*, "illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section 924(c) of Title 18)," 8 U.S.C. § 1101(a)(43)(B), and "an attempt or conspiracy to commit an offense described in this paragraph," *id.* § 1101(a)(43)(U).

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Because Arizona Revised Statutes § 13-3407(A) is a divisible statute, we must apply the modified categorical approach to determine whether Banda-Montoya was necessarily convicted of the elements of the generic crime. *See Rendon v. Mukasey*, 520 F.3d 967, 974–75 (9th Cir. 2008). In so doing, we may consider, among other documents, the state court's minute order, *United States v. Snellenberger*, 548 F.3d 699, 701–02 (9th Cir. 2008) (en banc) (per curiam), and the charging documents, *Rendon*, 520 F.3d at 975. The minute order states that Banda-Montoya pleaded guilty to "Conspiracy to Possess Dangerous Drugs for Sale." The indictment states that his conduct involved "Methamphetamine, a dangerous drug."

"[A] state drug crime is an aggravated felony 'if it contains a trafficking element,'" or "if it would be punishable as a felony under the federal drug laws." *Rendon,* 520 F.3d at 974 (citations omitted). Banda-Montoya's conviction under § 13-3407 constitutes an aggravated felony because he pleaded guilty to a state drug crime that contained a trafficking element. *See Rendon*, 520 F.3d at 976 ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony"). The conviction also constitutes an aggravated felony because the state crime would be punishable as a felony under the federal drug laws. *See* 21 U.S.C. § 841(a)(1) ("it shall be unlawful for

3

any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"); 21 U.S.C. § 812, Scheds. II(c), III(a)(3) (listing methamphetamine as a controlled substance).

Because Banda-Montoya pleaded guilty to conspiracy to commit the underlying crime, we must also compare the state-law crime of conspiracy with the federal definition. *See Rebilas v. Mukasey*, 527 F.3d 783, 785 (9th Cir. 2008). Arizona Revised Statutes § 13-1003 has the following elements: "(1) an intent to promote or aid the commission of an offense, (2) an agreement with one or more persons that one of them or another person will engage in conduct constituting the offense, and (3) an overt act committed in furtherance of the offense." *State v. Newman*, 688 P.2d 180, 185 (Ariz. 1984). The federal definition contains the following elements: "an agreement to accomplish an illegal objective coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense." *United States v. Melchor-Lopez*, 627 F.2d 886, 890 (9th Cir. 1980) (citation and internal quotation marks omitted). Because the statute of conviction contains the same elements as the federal definition, Banda-Montoya's conviction constitutes conspiracy for purposes of the INA.

4

**PETITION DISMISSED**.