FILED

**NOT FOR PUBLICATION**

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE RODOLFO MAGANA-PENA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72595

Agency No. A076-743-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jose Rodolfo Magana-Pena, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order. We have jurisdiction under 8 U.S.C.

§ 1252. We review de novo questions of law. *Padilla-Romero v. Holder*, 611 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1011, 1012 (9th Cir. 2010) (per curiam).  We grant the petition for review and remand.

The BIA erred in finding that Magana-Pena's conviction for second-degree burglary under Arizona Revised Statutes § 13-1507 is a "burglary offense" aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(G), under the modified categorical approach where the language contained in the indictment is insufficient to narrow the statute to the generic crime.  *See Rebilas v. Mukasey*, 527 F.3d 783, 787 (9th Cir. 2008); *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997) (holding that Arizona courts expanded the statute beyond the definition of generic burglary "because they have interpreted the statute to allow a conviction even if the intent to commit the crime was formed after entering the structure and/or the entry was privileged").  The government therefore did not meet its burden of establishing Magana-Pena's removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

Because Magana-Pena remains removable under 8 U.S.C. § 1227(a)(2)(B)(i), we remand to the agency to determine whether he is eligible for relief from removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

10-72595