NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE JOHN C.

No. 1 CA-JV 14-0345
FILED 6-2-2015

---

Appeal from the Superior Court in Maricopa County
No.  JV597239
The Honorable Julia M. Vigil, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1        John C. (Juvenile) appeals from the trial court's order adjudicating him delinquent on one count of indecent exposure.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        On October 31, 2013, an undercover security officer at Wal-Mart recognized Juvenile from an incident in the store the previous day and began watching him as he shopped.  After about ten minutes, the officer observed Juvenile pull his erect penis through the zipper of his pants and walk down an aisle and past a female customer.  The customer was oblivious to the event, and, before exiting the aisle, Juvenile returned his penis to his pants.  The security officer contacted store management and the police, who arrived as Juvenile was leaving the store.

¶3        A Mesa Police Department officer escorted Juvenile and his mother to the loss prevention office and read Juvenile his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).  Juvenile agreed to answer questions, but initially denied any wrongdoing.  Acknowledging the "embarrassing nature" of the situation, the officer asked Juvenile's mother to leave the room.  She agreed, and Juvenile did not object.  Juvenile then admitted having engaged in the conduct observed by the security officer.

¶4        In January 2014, the State filed a petition alleging Juvenile was delinquent as a result of indecent exposure in violation of Arizona Revised Statutes (A.R.S.) section 13-1402.[2]  Under Arizona law:

---

[1]        We view the facts and all reasonable inferences in the light most favorable to sustaining the adjudication of delinquency.  *Maricopa Cnty. Juv. Action No. JV–123196*, 172 Ariz. 74, 78 (App. 1992).

A person commits indecent exposure if he or she exposes his or her genitals . . . and another person is present, and the defendant is reckless about whether the other person, as a reasonable person, would be offended or alarmed by the act.

A.R.S. § 13-1402(A).

**¶5** At the adjudication hearing on August 22, 2014, Juvenile testified he did not intentionally expose himself, and denied making any incriminating statements to police. Instead, he contended his belt had broken and, as a result, his pants "might have came down . . . below the access hole in [his] boxers and somebody might have been able to see something," but according to Juvenile, it had only been for a few seconds. Juvenile's counsel argued twice in his closing that the State had not proven the case beyond a reasonable doubt. However, immediately following closing arguments, the judge stated she found "by a preponderance of the evidence that the Juvenile [wa]s delinquent as to the charge of indecent exposure," and specifically rejected his defense "that it was an accident." The minute entry order from the hearing confirmed the adjudication of delinquency, but also memorialized the court's finding that "the State has proven by a preponderance of the evidence the offense of Indecent Exposure."

**¶6** In September 2014, the State filed a motion to amend the minute entry order "to reflect the proper burden of proof." The next day, the trial court judge signed an order amending the minute entry "to reflect that the State has proven beyond a reasonable doubt that the juvenile committed Indecent Exposure."

**¶7** In October 2014, counsel for Juvenile made an oral motion to dismiss, apparently arguing the court applied the wrong standard of proof at trial and exceeded its authority in modifying the minute entry order. The State provided no response to the merits of the argument, instead arguing the proper remedy for Juvenile was an appeal from the disposition order. The trial court denied the motion to dismiss, and, on its own motion, for the express purpose of "clarifying the record," entered an order, *nunc pro tunc,* deleting the reference to the preponderance of the evidence standard, and inserting a finding that "the State has proven beyond a reasonable doubt" the charge of indecent exposure.

---

[2] Absent material revisions from the relevant date, we cite a statute's current version.

¶8            In December 2014, the trial court entered a disposition order placing Juvenile on standard juvenile probation, and Juvenile appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, A.R.S. §§ 8-235(A) and 12-120.21(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103.

## DISCUSSION

¶9            Juvenile asserts four arguments on appeal: (1) the trial court weighed the evidence against the wrong standard of proof, (2) the State presented insufficient evidence to support the element of recklessness, (3) his statements to law enforcement were involuntary and should have been excluded from the adjudication hearing, and (4) his counsel rendered ineffective assistance during the delinquency proceedings.  We address each in turn.

I.            **Standard of Proof**

¶10            Juvenile first argues the trial court erred in weighing the evidence against the wrong standard of proof.  In response, the State argues it can be inferred from the circumstances that the trial court judge "simply misspoke" when she announced the preponderance of the evidence standard.

¶11            We agree with the State that "[t]he real issue . . . is whether the court actually applied the wrong standard of proof to the evidence." The allegations of the delinquency petition must be proven beyond a reasonable doubt.  Ariz. R.P. Juv. Ct. 29(C), (E).  We presume the trial court judge knew the law and applied it correctly.  *State v. Trostle*, 191 Ariz. 4, 22 (1997) (citing *Walton v. Arizona*, 497 U.S. 639, 653 (1990)); *see also State v. Beaty*, 158 Ariz. 232, 246 (1988) (noting trial court judge is not required to state on the record the standard of proof being applied because we can assume the judge applied the proper burden).  Thus, the court knew that, in ordering the Juvenile be adjudicated delinquent, it was also required to make a finding "[t]hat the facts alleged in the petition were proven beyond a reasonable doubt," Ariz. R.P. Juv. Ct. 29(E), and would not have done one without the other.

¶12            The presumption is supported by the fact that Juvenile's counsel specifically referenced the proper standard of proof in his closing argument on two separate occasions, immediately preceding the trial court's oral pronouncement.  Moreover, substantial evidence was presented to support a finding, beyond a reasonable doubt, that Juvenile had committed the charged offense.  *See infra* ¶¶ 15-16, 18.  And, the court

denied Juvenile's motion to dismiss, effectively rejecting the argument that the wrong standard of proof was applied, and instead, issued an order *nunc pro tunc* specifically "for the purposes of clarifying the record."

**¶13** The record reflects the trial court applied the correct standard, but misstated it on the record and in the initial written order. Once the error was brought to its attention, the court was within its discretion to amend the order *nunc pro tunc* to reflect what actually occurred. *See State v. Johnson*, 113 Ariz. 506, 509 (1976) (noting inherent power of court to issue order *nunc pro tunc* to "make the record speak the truth") (quoting *Black v. Indus. Comm'n*, 83 Ariz. 121, 125 (1957)); Ariz. R. Crim. P. 24.4 (authorizing the court to correct clerical mistakes in the record). In our view, substantial justice was done below, and we will not reverse on a technical error. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); *Lawrence v. State*, 29 Ariz. 318, 320 (1925) (noting the "reversal of convictions in cases where substantial justice has been done, on account . . . of some immaterial mistake in points of pleading or procedure . . . defeat[s] the entire purpose of our penal laws").

## II.     Sufficiency of Evidence of Recklessness

**¶14** Juvenile next argues the State failed to meet its burden of proving Juvenile was "reckless about whether the other person, as a reasonable person, would be offended or alarmed by the act." A.R.S. § 13-1402(A). We determine as a matter of law whether sufficient evidence existed to support each element of a crime. *See In re William G.*, 192 Ariz. 208, 212 (App. 1997). In doing so, "[w]e will not re-weigh the evidence, and we will only reverse . . . when there is a complete absence of probative facts to support a judgment or when a judgment is clearly contrary to any substantial evidence." *In re Kyle M.*, 200 Ariz. 447, 448-49, ¶ 6 (App. 2001).

**¶15** As an initial matter, the offense of indecent exposure does not require the offender have *knowledge* that another person is present during the act. *See* A.R.S. § 13-1402(A); *State v. Whitaker*, 164 Ariz. 359, 361 (App. 1990) (noting "the purpose of the exposure and the likelihood of affront" are the crux of indecent exposure) (quoting Rudolph Joseph Gerber, *Criminal Law in Arizona* 197 (1978)). Whether Juvenile knew or should have known he was being surreptitiously observed while shopping at Wal-Mart is therefore irrelevant to the determination of

whether a person who was actually present was reasonably offended by the conduct.

**¶16**        We acknowledge that the mindset of a teenager needs to be compared to "juveniles of like age, intelligence and maturity," and that the relevant surrounding circumstances must be considered. *William G.*, 192 Ariz. at 213-14. However, it could not have come as a surprise to Juvenile that his actions in exposing his erect penis in a Wal-Mart were likely to cause a reasonable person who had gone to the store to shop, or a security officer employed to monitor the conduct of the persons therein, to be offended or alarmed. Indeed, the security officer testified he "immediately became alarmed" at Juvenile's actions, prompting him to notify store management and contact law enforcement. *See State v. Sandoval*, 175 Ariz. 343, 346 (App. 1993) ("The fact that the [two witnesses] were scared by defendant's conduct itself provides some evidence that a reasonable person would be alarmed by such conduct."). We therefore find sufficient evidence was presented to support a finding of recklessness beyond a reasonable doubt.

### III.        Statements to Law Enforcement

**¶17**        Juvenile also argues he did not voluntarily submit to questioning by law enforcement after his mother was asked to leave. Where, as here, the issue is not raised in the trial court, we review for fundamental error, which requires Juvenile prove both that an error going to the foundation of the case occurred, and that the error caused him prejudice. *State v. Valverde*, 220 Ariz. 582, 585, ¶ 12 (2009).

**¶18**        Here, the security officer testified he watched Juvenile for ten minutes before observing him reach through the zipper of his pants, remove his erect penis, and walk the length of an aisle before stopping to replace it in his pants. This eyewitness testimony was sufficient, in and of itself, to establish Juvenile performed the offending acts, even without Juvenile's admissions. Even assuming the statements were involuntary, Juvenile has not established prejudice, and no fundamental error therefore occurred. *See State v. Cota*, 229 Ariz. 136, 146, ¶¶ 33-34 (2012) (holding erroneous admission of coerced statements following invocation of right to remain silent did not prejudice defendant and was not fundamental error); *State v. Williams*, 133 Ariz. 220, 229 (1982) (finding no prejudice where erroneously admitted statements were "merely cumulative to other testimony").

### IV.	Ineffective Assistance of Counsel

**¶19**	Finally, Juvenile contends he received ineffective assistance of counsel during the delinquency proceedings because his counsel failed: (1) to object to the trial court's application of the wrong burden of proof at trial, and (2) to argue Juvenile's submission to the police interrogation was involuntary.  To prevail on a claim for ineffective assistance of counsel, Juvenile must show that his counsel's performance fell below objectively reasonable standards, and that the deficient performance prejudiced him. *State v. Febles*, 210 Ariz. 589, 595, ¶ 18 (App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

**¶20**	Having already concluded the trial court applied the correct standard of proof, *supra* ¶ 13, and that admission of Juvenile's statements to law enforcement, even if erroneous, was harmless error, *supra* ¶ 18, Juvenile is unable to establish prejudice resulting from the conduct of his counsel.  Juvenile is unable, therefore, to demonstrate his counsel was ineffective.

### CONCLUSION

**¶21**	For these reasons, we affirm Juvenile's adjudication and disposition.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama